LETTS, Judge.
After a denial of a motion for post conviction relief, the defendant argues on appeal that he should have been allowed to withdraw his plea of no contest, because the state attorney failed to adhere to a commitment under the plea agreement. We agree.
The defendant, who allegedly bilked 81 elderly citizens out of substantial sums of money, was faced with 84 counts of organized fraud by obtaining in excess of $50,-000 from more than five persons — not to mention a potential prosecution of his wife and mother. Indeed, part of the relief which the defendant seeks from this court, and which we now grant, will probably turn out to be a Pyrrhic victory.
In essence, the defendant pled no contest as to one count, the state attorney agreeing not to proceed with any other charges. Moreover, while the prosecutor did not promise to stand mute at the sentencing hearing and stated he would insist on the maximum sentence, he did agree not to “rant and rave.”
It is not an easy task to pinpoint what the prosecution intends, and the defense understands, when there is an agreement not to “rant and rave,” but we are comfortable in concluding that it reasonably means that the prosecution has agreed not to engage in a lengthy major emotional tirade against the defendant. However, with an applauding audience of bilked victims in attendance at the sentencing hearing, the prosecutor pulled out all the stops and engaged in an extravagant and lengthy tirade against the defendant which could only be described as a scathing excoriation. It is not that the defendant did not deserve the prosecutor’s remarks. It is simply that, for reasons best known to himself, the prosecutor agreed to refrain from doing what he did, that is, “rant and rave.”
*758 Nor can we conclude that the defendant was not prejudiced. At the plea negotiations, everyone, including the prosecutor, assured the defendant that this particular trial judge never gave the maximum and as the assistant state attorney remarked: “Yes he always comes in under.” Yet in the case at bar, after the prosecutor’s tirade, the trial judge did not “come in under” and in fact meted out the maximum 30 years.
In light of the foregoing, we reverse and remand to the trial court to permit the defendant to withdraw his no contest plea.
We find no merit in the defendant's demand for specific performance nor in any of his other arguments on appeal.
REVERSED AND REMANDED.
HERSEY, C.J., and STONE, J., concur.