515 So.2d 434 (1987)
Burt Howard ROBERTS, Appellant,
v.
STATE of Florida, Appellee.
No. 86-2164.
District Court of Appeal of Florida, Fifth District.
November 19, 1987.
James B. Gibson, Public Defender, and Nancye R. Crouch, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Kevin Kitpatrick Carson, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
We affirm the order of the trial court finding defendant to be in direct criminal contempt and sentencing defendant to six months' incarceration in the Orange County jail. The evidence presented at the hearing on defendant's motion to vacate his plea of nolo contendere supports the findings of fact recited in the judgment of guilt that the defendant committed perjury in his testimony before the court either at the time he entered his plea or at the time he gave diametrically opposite testimony when he sought to withdraw it. Perjury in the context of a motion to vacate a plea is sufficient to support a finding of direct criminal contempt. See Bumgarner v. State, 245 So.2d 635 (Fla. 4th DCA 1971). Unquestionably, perjured testimony has an obstructive effect on the judicial system, and trial judges should not tolerate this type of interference with the judicial process. See Bartz v. State, 221 So.2d 7, 9 (Fla. 2d DCA 1969).
AFFIRMED.
SHARP and COWART, JJ., concur.