600 So.2d 27 (1992)
Mary WOODS, Appellant,
v.
STATE of Florida, Appellee.
No. 91-0546.
District Court of Appeal of Florida, Fourth District.
June 3, 1992.
Rehearing Denied July 16, 1992.
*28 Richard L. Jorandby, Public Defender, and Cherry Grant, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol Cobourn Asbury, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant claims that the trial court erred in failing to give her the opportunity to withdraw her plea when the state failed to abide by the plea negotiations and the trial court refused to abide by its terms. She also claims that the trial court's final judgment adjudging her in contempt of court was in error requiring reversal. We agree on both counts and reverse.
Appellant, Mary Woods, withdrew her plea of not guilty and entered a plea of no contest to grand theft. In return for her plea, the state agreed to recommend she be sentenced to time served followed by probation with a provision for restitution. Appellant agreed to change the plea. The court then entered the plea and informed appellant she had to return on November 13, 1990 for sentencing.
Appellant failed to appear for sentencing and the court issued a bench warrant. Appellant never came forward and the bench warrant was served on her on January 22, 1991. At a February 11, 1991, sentencing hearing, the state refused to make the agreed upon recommendation and instead stated it was "retract(ing) that offer and [would] leave it to the court" because of her failure to appear at sentencing. The court then sentenced her for a term beyond the plea agreement.
The written plea agreement stated:
If I am released from jail at the time this plea is entered, I understand I must appear at the time of sentencing on the date announced by the judge. If I do not appear, the Prosecution will have the option of setting aside this plea and to prosecute me fully in this case.
Thus, the plea agreement was quite specific as to the prosecutor's options if appellant failed to appear. When the state refused to honor its agreement as to the recommended sentence, the appellant should have been given an opportunity to withdraw the plea. McBride v. State, 508 So.2d 757 (Fla. 4th DCA 1987). Here, appellant's attorney sought an opportunity to discuss with appellant whether to withdraw the plea, which the trial court denied. The case of Rhodes v. State, 555 So.2d 1323 (Fla. 1st DCA 1990), is nearly identical to this case. In that case the state also refused to honor its agreement on the recommended sentence. In reversing the conviction, the First District stated:
Although the court was not bound to follow the terms of the plea agreement, when it decided to impose a sentence that was not in accordance with the agreement, it was required to give Rhodes the opportunity to withdraw his plea.
Although in the instant case, appellant did not make a motion to withdraw the plea, the trial court refused Appellant's counsel the opportunity to make such a motion. Where a plea bargain is not honored, the *29 trial court must affirmatively take action to permit the defendant the opportunity to withdraw the plea. Perry v. State, 510 So.2d 1083 (Fla. 2d DCA 1987). We therefore reverse the conviction and sentence and remand for further proceedings at which the appellant shall be given the opportunity to withdraw her plea.
The appellant next challenges her conviction for contempt of court. The appellant claims that her failure to appear was an indirect criminal contempt of court rather than a direct contempt. We think the issue was settled by Aron v. Huttoe, 258 So.2d 272 (Fla. 3d DCA 1972), adopted, 265 So.2d 699 (Fla. 1972), which held that a defendant who failed to appear at trial pursuant to a subpoena may be summarily punished as a direct criminal contempt after failing to provide an adequate excuse for nonappearance. See also Sandstrom v. State, 390 So.2d 448 (Fla. 4th DCA 1980). We have found no Florida authority to treat a failure to appear at sentencing any differently.[1] However, we acknowledge that the federal courts generally do not treat a failure to appear as a summary contempt. Securities & Exch. Comm'n v. Simpson, 885 F.2d 390, 398 (7th Cir.1989); United States v. Baldwin, 770 F.2d 1550, 1553-1554 (11th Cir.1985). Nevertheless, we feel constrained to follow Florida authority.
We find that the trial court's statement that "We are having sort of a formal hearing of why you didn't appear. Should I hold you in contempt for that? Why didn't you appear for sentencing?" was sufficient to meet the requirements of Rule 3.830. (It would have been preferable to leave out "sort of." It was a formal hearing, at which the contemnor was asked under oath about her nonappearance.) The court gave the appellant the opportunity to testify on her own behalf about mitigating circumstances. However, contrary to Florida Rule of Criminal Procedure 3.830, the judgment of contempt did not include a recital of the facts constituting the contempt, which while a technical error, requires a reversal and remand for the correction of the judgment. Wells v. State, 487 So.2d 1101 (Fla. 5th DCA), cause dismissed, 491 So.2d 281 (1986); Fisher v. State, 482 So.2d 587 (Fla. 1st DCA 1986).
The conviction and sentence for grand theft is reversed and remanded for further proceedings consistent with this opinion. The conviction and sentence for contempt is reversed and remanded for compliance with Rule 3.830.
HERSEY, STONE and WARNER, JJ., concur.
NOTES
[1] While the recent case of Hayes v. State, 592 So.2d 327 (Fla. 4th DCA 1992), questions the logic of treating non appearance as a direct criminal contempt, that issue was addressed in Aron, which is controlling.