601 So.2d 1273 (1992)
Frederick R. EMANUEL, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2265.
District Court of Appeal of Florida, Fourth District.
July 1, 1992.
*1274 Richard L. Jorandby, Public Defender, and Marcy K. Allen, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Melynda L. Melear, Asst. Atty. Gen., West Palm Beach, for appellee.
ANSTEAD, Judge.
Appellant, Frederick R. Emanuel, was held in direct criminal contempt of court when he testified at a suppression hearing contrary to testimonies offered by two state witnesses. We reverse.

FACTS
Emanuel was arrested and charged with possession of illegal drugs. He claimed he was unlawfully seized and searched, and filed a motion to suppress evidence seized from him. At the suppression hearing, Emanuel testified contrary to the testimonies of two (2) state witnesses, the arresting officer and the officer's civilian companion, on the issue of consent to search. In essence, Emanuel denied offering his consent to search while the state's witnesses claimed he voluntarily consented to be searched after the arresting officer chased and seized him. The court characterized the civilian witness as a "completely neutral witness." The record established that although the witness had no official connection with the police department, he rode with various police officers on several occasions. On the date of this incident, he was riding with an officer to whom he referred to as "Jeff" throughout his testimony.
Immediately after denying the motion to suppress, the trial court announced its intention to hold Emanuel in contempt. When confronted with the court's intentions, Emanuel maintained his position that he had not consented to be searched. Defense counsel advised the court that Emanuel had testified as he remembered the events which occurred quickly and with a lot of fear and excitement, and that Emanuel did not willfully deceive the court, despite the court's views of his credibility. Nonetheless, the court summarily held Emanuel in contempt and sentenced him to 5 months and 29 days in the county jail.

LAW
The contempt power should always be exercised with judicial restraint. This is especially true in a summary contempt proceeding:
The power to punish direct criminal contempt is one of the most unusual of judicial powers: the judge who was the object or butt of the allegedly contemptuous conduct becomes the prosecutor and then sits in judgment over the very defendant who is said to have just assailed the judicial dignity. That precise circumstance is condoned nowhere else in the law. For that reason, the power must be cautiously and sparingly used (citations omitted).
Fabian v. State, 585 So.2d 1158 (Fla. 4th DCA 1991) (Farmer J., dissenting). See also In re Forfeiture of 1973 Ford Truck, 507 So.2d 738 (Fla. 4th DCA 1987). While the law has long recognized the power to punish perjury by direct criminal contempt, the power is exercised lawfully only where a three prong test is met:
(1) the alleged false answers had an obstructive effect, (2) there existed judicial *1275 knowledge of the falsity of the testimony, and (3) the question was pertinent to the issue.
State v. Coleman, 138 Fla. 555, 189 So. 713, 714 (1939). It is the second element set out in Coleman, judicial knowledge of the falsity of the testimony, that is challenged by Emanuel on appeal.
Generally, the courts apply a strict standard of proof to establish judicial knowledge of the falsity of the testimony. It has been held that the standard is satisfied only where the witness admits the falsity or other circumstances demonstrate beyond question the false nature of testimony. The essence of this requirement is set out in Coleman:
Where, however, the falsity of the testimony is denied and is a matter merely of inference of opinion, the court should not weigh the conflicting evidence in a contempt proceeding, but should leave the alleged contemner to be punished criminally if guilty of perjury. In other words, the contemner is entitled to a jury trial if the facts are substantially disputed, and the court cannot take judicial knowledge that the testimony or allegation is false.
189 So. at 715. See also Roberts v. State, 515 So.2d 434 (Fla. 5th DCA 1987) (order of contempt upheld where defendant's testimony at his motion to withdraw his plea was diametrically opposite to his testimony taken in court when he entered his plea); Duff v. Southern Bell Telephone and Telegraph Co., 386 So.2d 253 (Fla. 5th DCA 1980) (defendant admitted statements were false and court heard taped conversation of defendant); Chavez-Rey v. Chavez-Rey, 213 So.2d 596 (Fla. 3d DCA) (defendant admitted testimony false), cert. denied, 219 So.2d 700 (Fla. 1968); Mitchell v. Parrish, 58 So.2d 683 (Fla. 1952) (judicial knowledge of the falsity requires certainty that in court statement is false). See also Annotation, Perjury or false swearing as contempt, 89 A.L.R.2d 1258 (1979).
Under Coleman, the court should not "weigh the conflicting evidence" to determine if a witness is being truthful. In other words, the mere fact that the court believes one witness over another is insufficient to establish judicial knowledge that a witness' testimony is false for the purpose of summarily adjudicating the witness in direct criminal contempt. To hold otherwise would create a chilling effect on a party's exercise of his constitutional right to freedom of speech, access to the courts, and due process. See Annotation, Perjury or false swearing as contempt, 11 A.L.R. 342, 354-55 (1921), quoting Lerch's Contested Election, 21 Pa. D. 1113 (1912) ("If a court, without clear authority, should assume the right to punish summarily, or without a trial by jury, witnesses who testified before the court in a way that did not commend itself to the court, the method of procedure might readily become the means of abuse ..."). Direct criminal contempt is a criminal sanction that may result in serious consequences, including immediate imprisonment. Ordinarily, under our constitutionally mandated system of due process, criminal sanctions cannot be imposed unless the full panoply of due process rights are applied. That is why, in the ordinary situation where perjury is suspected, a state prosecution for perjury is the preferred alternative.
When acting as the fact-finder at an evidentiary hearing, it is the court's responsibility to judge the credibility of the witnesses and resolve factual disputes. This is the essence of the fact finder's duty in a trial. This responsibility should rarely be mixed with the authority to find a party in contempt for false testimony. Were it otherwise, virtually every evidentiary hearing would give rise to numerous direct contempts against the witnesses for the losing side, and the orderly resolution of matters by evidentiary hearing would be seriously disrupted. Under Coleman, contempt should be reserved only for the most blatant cases in which the perjury is virtually undisputed.
Here, in deciding the motion to suppress, the trial court had to resolve the factual dispute as to whether Emanuel had consented to a search. In evaluating the conflicting evidence and the credibility of the witnesses, and then resolving this dispute *1276 against Emanuel, the court properly discharged its responsibilities and acted completely within its authority. However, in adjudicating Emanuel in direct criminal contempt based upon this same evaluation of the conflicting evidence, the court fell short of the strict standard of certainty required by Coleman.
Perjury, of course, constitutes a serious crime, and should not be tolerated. The integrity and efficacy of the judicial process in resolving factual disputes rests almost entirely on the integrity of the witnesses and the quality of evidence presented. Perjury poisons the well from which justice flows. That is why, in the appropriate case, a prosecution for perjury should be brought to insure that judicial proceedings are not undermined by those who would intentionally give false testimony.
Accordingly, we reverse and remand with directions for further proceedings in accord herewith.
GLICKSTEIN, C.J., and GUNTHER, J., concur.