764 So.2d 859 (2000)
Fredrick Bernard ALVIS, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D99-2983.
District Court of Appeal of Florida, Third District.
August 9, 2000.
*860 Bennett H. Brummer, Public Defender and Robert Godfrey, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General and Jan E. Vair, Assistant Attorney General (Fort Lauderdale), for appellee.
Before SCHWARTZ, C.J., and GODERICH and SORONDO, JJ.
PER CURIAM.
The defendant appeals from two separate judgments and sentences for direct criminal contempt based on his use of obscene language in open court. While the evidence justifies findings that in each instance, Alvis was indeed criminally contemptuous, see R.C. v. State, 648 So.2d 1258 (Fla. 3d DCA 1995), review denied, 659 So.2d 1088 (Fla.1995), citing Best v. State, 648 So.2d 734 (Fla. 3d DCA 1994); Martinez v. State, 339 So.2d 1133 (Fla. 2d DCA 1976), approved, 346 So.2d 68 (Fla. 1977), the record shows that the trial judge did not comply with Florida Rule of Criminal Procedure 3.830 on either occasion. See Poitier v. Spears, 750 So.2d 767 (Fla. 3d DCA 2000); Cook v. State, 636 So.2d 895 (Fla. 3d DCA 1994). The convictions and sentences are therefore vacated and the cause is remanded for the trial court, if it wishes, to conduct further proceedings in accordance with the rule. See Martin v. State, 711 So.2d 1173 (Fla. 4th DCA 1998).