784 So.2d 521 (2001)
Larry BOUIE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-2256.
District Court of Appeal of Florida, Fourth District.
April 25, 2001.
*522 Carey Haughwout, Public Defender, and Steven H. Malone, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Larry Bouie appeals his conviction and sentence for possession of cocaine and his judgment of contempt for failure to appear. We affirm his conviction and sentence for possession of cocaine and reverse his judgment of contempt for failure to appear.
On June 2, 1999, Larry Bouie, Appellant, was charged by information with possession of cocaine. On December 6, 1999, Appellant failed to appear for a jury trial docket call. The trial court issued a bench warrant. On December 24, 1999, Appellant was arrested on the bench warrant.
Following a jury trial, Appellant was convicted of possession of cocaine and sentenced to 18 months in prison. During the sentencing hearing, the trial court also addressed Appellant's prior arrest for failure to appear. The extent of the proceedings were as follows:
Court: There is one more thing. There is apparently a failure to appear?
Clerk: Yes, sir.
Court: What was that?
Clerk: That was 12/6 of '99 for jury trial, and it has never been addressed since he was arrested on that.
Court: OK, there was a failure to appear back in December for a jury trial. State, time served on that? Any objection?
State: No objection.
Court: Any objection?
Defense Counsel: No objection.
Court: Alright, I just want him to be sentenced to time served on that failure to appear.
The trial court then included the following on the judgment sheet: "Contempt of courtFailure to Appear, statute 38.23."[1] Appellant was sentenced to time served of 170 days. The record includes the court notes for the judge which states, "Bouie, Larry 12/6/99 Jury Trial Bench Warrant issued for Defendant's failure to appear for jury trial docket call. Court ordered bond estreated and set bond in the amount of $10,000."
Appellant contends that he was improperly found guilty of contempt for failure to appear before the trial court, because he was not provided with due process of law. We agree.
Failure to appear in court pursuant to a court order can constitute direct criminal contempt. See Aron v. Huttoe, 258 So.2d 272, 274 (Fla. 3d DCA 1972) ("The contemptuous acts were committed in the actual presence of the court when the court saw that the doctor was not present at the trial with his records and saw and heard that he had been subpoenaed by each party.... We believe the record establishes *523 the trial court saw and heard a contempt committed in its actual presence and that this was a direct criminal contempt."), adopted, 265 So.2d 699 (Fla. 1972). See also Woods v. State, 600 So.2d 27, 29 (Fla. 4th DCA 1992) (Failure to appear is direct contempt, as settled in Aron.).
Section 38.22, Florida Statutes (1997), grants courts the authority to punish contempts.[2] When punishing a defendant for contempt, a court must follow the procedure set forth in Florida Rule of Criminal Procedure 3.830. See Woods, 600 So.2d at 29. Rule 3.830 provides:
A criminal contempt may be punished summarily if the court saw or heard the conduct constituting the contempt committed in the actual presence of the court. The judgment of guilt of contempt shall include a recital of those facts on which the adjudication of guilt is based. Prior to the adjudication of guilt, the judge shall inform the defendant of the accusation against the defendant and inquire as to whether the defendant has any cause to show why he or she should not be adjudged guilty of contempt by the court and sentenced therefor. The defendant shall be given the opportunity to present evidence of excusing or mitigating circumstances. The judgment shall be signed by the judge and entered of record. Sentence shall be pronounced in open court.
The provisions of rule 3.830 define the essence of due process in criminal contempt proceedings and must be scrupulously followed. Peters v. State, 626 So.2d 1048, 1050 (Fla. 4th DCA 1993). A reversal and remand is necessary where the trial judge failed to provide appellant with prior notice of the charge of contempt and then failed to give him an opportunity to explain before imposing the sentence. See id.
The proceedings in this case indicate a lack of due process. Prior to the adjudication of guilt, the judge did not inquire as to whether appellant had any cause to show why he should not be adjudged guilty of contempt and was not given an opportunity to present evidence of excusing or mitigating circumstances, contrary to rule 3.830.
Additionally, the judgment of guilt of contempt does not include a recital of those facts on which the adjudication of guilt is based, contrary to rule 3.830. See Woods, 600 So.2d at 29 (If the judgment of contempt does not include a recital of the facts constituting the contempt, a reversal and remand for correction of judgment is required.). Furthermore, the record does not indicate that Appellant was ordered to appear in court on the date on which he failed to appear. See Speer v. State, 742 So.2d 373 (Fla. 1st DCA 1999) (A judgment of contempt for failure to appear requires reversal where the record does not indicate that the defendant was ordered to appear in court.).
Accordingly, we reverse the judgment of contempt for failure to appear and remand for proceedings as provided in rule 3.830. We affirm his conviction and sentence for possession of cocaine.
Affirmed in part, reversed in part.
STONE, KLEIN and HAZOURI, JJ., concur.
NOTES
[1] Section 38.23, Florida Statutes (1997), defines contempts as:

A refusal to obey any legal order, mandate or decree, made or given by any judge either in term time or in vacation relative to any of the business of said court, after due notice thereof, shall be considered a contempt, and punished accordingly. But nothing said or written, or published, in vacation, to or of any judge, or of any decision made by a judge, shall in any case be construed to be a contempt.
[2] Section 38.22, Florida Statutes (1997), provides:

Every court may punish contempts against it whether such contempts be direct, indirect, or constructive, and in any such proceeding the court shall proceed to hear and determine all questions of law and fact.