817 So.2d 1089 (2002)
John RHOADS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-4320.
District Court of Appeal of Florida, Second District.
June 12, 2002.
*1090 Cassandra Gorton, Special Assistant Public Defender, Sarasota, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jonathan P. Hurley, Assistant Attorney General, Tampa, for Appellee.
COVINGTON, Judge.
The appellant, John Rhoads, challenges a direct criminal contempt judgment entered against him for purportedly giving perjured testimony in a juvenile case. We reverse.
Rhoads, a nineteen-year-old adult, was called as a defense witness in a juvenile proceeding. At the close of the adjudicatory hearing in the juvenile proceeding, the trial court found that the State's witnesses were credible, truthful, and accurate. The juvenile defendant was thus found guilty of the offense at issue in that case. The trial court then proceeded to declare that the juvenile defendant, Rhoads, and another defense witness gave perjurious testimony. All three were therefore held in direct criminal contempt. The trial court informed Rhoads and the other defense witness that it was immediately imposing sentence on them. The juvenile defendant was advised that his criminal contempt sentence would be imposed at his upcoming disposition hearing.
The trial court briefly inquired of Rhoads and the other defense witness whether they could show cause why they should not be sentenced for contempt based on their perjured testimony. When Rhoads responded that he had testified truthfully, the trial court immediately rebuffed his protestations. Then, after informing Rhoads that he would be sentenced as an adult and that the maximum penalty was six months of jail time, the trial court sentenced him to thirty days in the county jail. The other defense witness, a juvenile, was sentenced to five days in secure detention.
*1091 The following day, news of the trial court's exercise of its direct criminal contempt power caused witnesses to refuse to testify in other cases. The trial court thus held a hearing to explain its actions in the aforementioned juvenile proceeding. While Rhoads was present at that hearing and accompanied by family members, his attorney was unable to appear. That fact notwithstanding, there was little argument or input from any of the parties or attorneys who were in attendance. The trial court simply set forth the case law it was relying upon to hold Rhoads and the others mentioned herein in direct criminal contempt. It also noted that the State Attorney's Office was too inundated with pending investigations to pursue perjury prosecutions of this type. The trial court therefore opined that direct criminal contempt was the more expedient remedy.
On appeal, Rhoads contends the trial court exceeded the scope of its authority by going beyond a routine credibility determination to conclude that he definitively committed perjury. He essentially argues that there was insufficient evidence before the trial court to summarily conclude that he was guilty of perjury so as to justify a finding of direct criminal contempt. We agree.
For a witness in a judicial proceeding to be held in direct criminal contempt based on purported perjurious testimony, it must be shown that: (1) the alleged perjury had an obstructive effect; (2) there was judicial knowledge of the falsity; and (3) the testimony involved was pertinent to the issue at hand. State ex rel. Luban v. Coleman, 138 Fla. 555, 189 So. 713 (1939). A very strict standard of proof is necessary to establish judicial knowledge of the falsity of testimony. Emanuel v. State, 601 So.2d 1273, 1275 (Fla. 4th DCA 1992). That standard is satisfied only where the witness admits falsity or other circumstances demonstrate beyond question the false nature of the testimony. Id.
In the instant case, there was no admission of falsity, nor were there other circumstances that demonstrated beyond question that Rhoads' testimony was false. The record simply shows that, based on a routine credibility determination in the subject juvenile proceeding, the trial court believed the version of events presented by the State's witnesses over that presented by the defense witnesses. There was otherwise insufficient evidence from which the trial court could have concluded with absolute certainty that Rhoads' testimony consisted of unequivocal, abject lies. This is so, particularly, in view of Rhoads' scant testimony in the juvenile proceeding.
As the Fourth District aptly explained in Emanuel,
Under Coleman, the court should not "weigh the conflicting evidence" to determine if a witness is being truthful. In other words, the mere fact that the court believes one witness over another is insufficient to establish judicial knowledge that a witness' testimony is false for the purpose of summarily adjudicating the witness in direct criminal contempt. To hold otherwise would create a chilling effect on a party's exercise of his constitutional right to freedom of speech, access to the courts, and due process.
Emanuel, 601 So.2d at 1275. Thus, because contempt power should always be exercised with judicial restraintespecially in summary contempt proceedings, id. at 1274, we conclude the trial court indeed exceeded the scope of its authority in this instance. In fact, we emphasize that "in the ordinary situation where perjury is suspected, a state prosecution for perjury is the preferred alternative." Id. at 1275.
*1092 Rhoads also claims that, the foregoing notwithstanding, he was denied procedural due process in this instance. We, again, must agree.
"When punishing [an individual] for contempt, a court must follow the procedure set forth in Florida Rule of Criminal Procedure 3.830." Bouie v. State, 784 So.2d 521, 523 (Fla. 4th DCA 2001). "The provisions of rule 3.830 define the essence of due process in criminal contempt proceedings and must be scrupulously followed." Id. (citing Peters v. State, 626 So.2d 1048, 1050 (Fla. 4th DCA 1993)); see also Alvis v. State, 764 So.2d 859, 860 (Fla. 3d DCA 2000). In the instant case, the record shows without equivocation that Rhoads, after being placed on notice of the accusation of perjury, was not given a meaningful opportunity to present evidence of excusing or mitigating circumstances as required by rule 3.830. See Bouie, 784 So.2d at 523. We therefore conclude that the trial court erred in that regard.
Based on the foregoing, we reverse the judgment of direct criminal contempt against Rhoads. Because the issues addressed herein are dispositive of the case, we do not reach Rhoads' claim that the trial court's imposition of a thirty-day jail term was tantamount to coercion.
Reversed.
FULMER, J., and THREADGILL, EDWARD F., Senior Judge, concur.