819 So.2d 240 (2002)
M.L., a child, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-4766.
District Court of Appeal of Florida, Second District.
June 12, 2002.
*241 Brett McIntosh, Special Assistant Public Defender, Sarasota, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jonathan P. Hurley, Assistant Attorney General, Tampa, for Appellee.
COVINGTON, Judge.
The appellant, M.L., a juvenile, challenges a direct criminal contempt judgment entered against him for purportedly giving perjured testimony in a juvenile case. We reverse.
M.L. was called as a defense witness in a juvenile proceeding. At the close of the adjudicatory hearing in the juvenile proceeding, the trial court found that the State's witnesses were credible, truthful, and accurate. The juvenile defendant was thus found guilty of the offense at issue in that case. The trial court then proceeded to declare that the juvenile defendant, M.L., and an adult defense witness gave perjurious testimony. All three were therefore held in direct criminal contempt. The trial court informed M.L. and the other defense witness that it was immediately imposing sentence on them. The juvenile defendant was advised that his criminal contempt sentence would be imposed at his upcoming disposition hearing.
The trial court briefly addressed M.L. and the other defense witness simultaneously. At that time, the other defense witness was asked if he could show cause why he should not be sentenced for contempt. M.L., however, was not directly asked to show cause. That fact notwithstanding, the trial court thereafter sentenced M.L. to five days in secure detention.
On appeal, M.L. contends the trial court exceeded the scope of its authority by going beyond a routine credibility determination to conclude that he definitively committed perjury. He essentially argues that there was insufficient evidence before the trial court to summarily conclude that he was guilty of perjury so as to justify a finding of direct criminal contempt. We agree.
*242 For a witness in a judicial proceeding to be held in direct criminal contempt based on purported perjurious testimony, it must be shown that: (1) the alleged perjury had an obstructive effect; (2) there was judicial knowledge of the falsity; and (3) the testimony involved was pertinent to the issue at hand. State ex rel. Luban v. Coleman, 138 Fla. 555, 189 So. 713 (1939). A very strict standard of proof is necessary to establish judicial knowledge of the falsity of testimony. Emanuel v. State, 601 So.2d 1273, 1275 (Fla. 4th DCA 1992). That standard is satisfied only where the witness admits falsity or other circumstances demonstrate beyond question the false nature of the testimony. Id.
In the instant case, there was no admission of falsity, nor were there other circumstances that demonstrated beyond question that M.L.'s testimony was false. The record shows that, based on a routine credibility determination in the subject juvenile proceeding, the trial court believed the version of events presented by the State's witnesses over that presented by the defense witnesses. There was otherwise insufficient evidence from which the trial court could have concluded with absolute certainty that M.L.'s testimony consisted of unequivocal, abject lies. This is so, particularly, in view of M.L.'s scant testimony in the juvenile proceeding. Thus, because contempt power should always be exercised with judicial restraint especially in summary contempt proceedings, Emanuel, 601 So.2d at 1274, we conclude the trial court indeed exceeded the scope of its authority in this instance.
M.L. also claims that, the foregoing notwithstanding, he was denied procedural due process in this instance. We, again, must agree.
M.L. was summarily adjudicated and sentenced for direct criminal contempt pursuant to Florida Rule of Juvenile Procedure 8.150(a). Rule 8.150 is a direct corollary of Florida Rule of Criminal Procedure 3.830. In adult cases, "[w]hen punishing [an individual] for contempt, a court must follow the procedure set forth in Florida Rule of Criminal Procedure 3.830." Bouie v. State, 784 So.2d 521, 523 (Fla. 4th DCA 2001). "The provisions of rule 3.830 define the essence of due process in criminal contempt proceedings and must be scrupulously followed." Id. (citing Peters v. State, 626 So.2d 1048, 1050 (Fla. 4th DCA 1993)); see also Alvis v. State, 764 So.2d 859, 860 (Fla. 3d DCA 2000). The same is true of rule 8.150. See S.T. v. State, 629 So.2d 316, 317 (Fla. 1st DCA 1993). In the instant case, the record shows without equivocation that M.L., after being placed on notice of the accusation of perjury, was not given a meaningful opportunity to present evidence of excusing or mitigating circumstances as required by rule 8.150. See also Bouie, 784 So.2d at 523. We therefore conclude the trial court erred in that regard.
Based on the foregoing, we reverse the judgment of direct criminal contempt against M.L.
Reversed.
FULMER, J., and THREADGILL, EDWARD F., Senior Judge, concur.