SCHWARTZ, Chief Judge.
After an evidentiary hearing at which the appellant testified, the trial court denied his motion for 3.850 relief based on alleged misadvice of counsel concerning the sentencing consequences of his nolo plea. Because the ruling was based upon the court’s view of the credibility respectively of the defendant and the attorney, we affirm this determination.[1]
Before he took the stand, the trial judge warned Ragin that if he testified untruthfully, he might be found guilty of and sentenced for contempt of court. True to that admonition, the record of the conclusion of the hearing shows the following:
Sir, I’m denying your motion in light of the fact that I do believe that you were advised that you may not qualify as to early release programs.
[[Image here]]
And, sir, I do at this time find that you have been untruthful to this Court. I would like to know why I should not hold you in contempt of Court.
THE DEFENDANT: Your Honor, at this time, like I said, Your Honor, I was not familiar with the law prior to going to prison.
THE COURT: Okay.
But that still does not excuse your misstatements. As such, sir, I do find you are in contempt of the Court and I’m going to sentence you to six months in Dade County Jail on each case.
It is obvious that this process does not conform with the requirements of Florida Rule of Criminal Procedure 3.830. Tejada v. State, 729 So.2d 965 (Fla. 3d DCA 1999); Davis v. State, 575 So.2d 288 (Fla. 3d DCA 1991); see also D.V. v. State, 817 So.2d 1098 (Fla. 2d DCA 2002), and cases cited; Rhoads v. State, 817 So.2d 1089 (Fla. 2d DCA 2002). Hence the judgment and sentence for contempt are vacated.[2]
Affirmed in part, vacated in part.

. The other grounds asserted for post-conviction relief were properly rejected without hearing. See Novaton v. State, 634 So.2d 607 (Fla.1994); Resta v. State, 698 So.2d 378 (Fla. 3d DCA 1997), review denied, 703 So.2d 477 (Fla. 1997).

. Although the timely notice of appeal refers only to the denial of post-conviction relief, we consider the appellant’s claim of error in the contempt judgment as fairly included within the notice. See Fla.R.App.P. 9.040(d); Jones v. State, 423 So.2d 520 (Fla. 5th DCA 1982); See generally, Milar Galleries, Inc. v. Miller, 349 So.2d 170 (Fla.1977); Ruga v. Suave Shoe Corp., 417 So.2d 678 (Fla. 3d DCA 1981)(en banc).