PER CURIAM.
We reverse an order of the circuit court finding petitioner in indirect criminal contempt and ordering him incarcerated for a period of thirty days without stay or bond. Having previously stayed the order below and ordered petitioner released from custody, we hereby state the basis for our decision. We conclude that the trial court failed to comply with the procedural requirements of Florida Rule of Criminal Procedure 3.840 governing indirect contempt proceedings.
First, under rule 3.840(a), the court must “issue and sign an order directed to the defendant, stating the essential facts constituting the criminal contempt charged and requiring the defendant to appear before the court to show cause why the defendant should not be held in contempt of court.” Here, the court failed to issue an order to show cause, stating the essential facts alleged to constitute indirect criminal contempt. Nor was petitioner arraigned pursuant to rule 3.840(d). Finally,' the court’s written order of contempt does not, as also required by rule 3.840(f), contain a recital of facts constituting the contempt for which petitioner was adjudicated guilty. See Bouie v. State, 784 So.2d 521 (Fla. 4th DCA 2001); Woods v. State, 600 So.2d 27, 29 (Fla. 4th DCA 1992). Rule 3.840 defines the essence of due process in criminal contempt proceedings and must be scrupulously followed. Bouie, 784 So.2d at 523.
Accordingly, we grant the petition without prejudice to proceed against petitioner in compliance with the requirements of rule 3.840.
STONE, FARMER and STEVENSON, JJ., concur.