903 So.2d 1060 (2005)
Eric HUTCHESON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-98.
District Court of Appeal of Florida, Fifth District.
June 24, 2005.
*1061 David LaCroix, Brooksville, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Wesley Heidt, Assistant Attorney General, Daytona Beach, for Appellee.
PLEUS, J.
Eric Hutcheson appeals from an order finding him in contempt of court based on testimony he gave during a probation revocation hearing.
Hutcheson gave testimony at a probation revocation hearing for Brandon James Ford at odds with a sworn written statement he had previously provided to police. In the sworn written statement, given several days after an incident involving Ford, Hutcheson stated that he saw Ford walking toward his truck and that Ford had a gun. At the revocation hearing, Hutcheson testified he saw someone walking toward his vehicle with a gun, that he had told police he thought it was Ford, but that it was dark, there was a lot of commotion, and he could not positively say who he saw. He then added that he did not see Ford with a gun that night.
During the hearing, the trial court found Hutcheson in contempt and sentenced him. Hutcheson raises numerous challenges to the contempt order, including the absence of compliance with the procedural requirements contained in Florida Rule of Criminal Procedure 3.830 and the lack of proof beyond a reasonable doubt that he gave false testimony. The State concedes non-compliance with rule 3.830 and accordingly that reversal is necessary.
A witness who commits perjury during trial may be punished by the trial court by way of direct criminal contempt. See Newry v. State, 654 So.2d 1292 (Fla. 4th DCA 1995); Emanuel v. State, 601 So.2d 1273 (Fla. 4th DCA 1992). In Emanuel, the fourth district observed that where perjury is suspected, a state prosecution for perjury should be given consideration as an alternative to a contempt proceeding though other courts have noted that the realities confronting many state attorney's offices may make this option impractical. See D.V. v. State, 817 So.2d 1098 (Fla. 2d DCA 2002).
In any event, Florida Rule of Criminal Procedure 3.830 governs the procedure for adjudicating direct criminal contempt. The rule provides in relevant part:
A criminal contempt may be punished summarily if the court saw or heard the conduct constituting the contempt committed in the actual presence of the court. The judgment of guilt of contempt shall include a recital of those facts on which the adjudication of guilt is *1062 based. Prior to the adjudication of guilt the judge shall inform the defendant of the accusation against the defendant and inquire as to whether the defendant has any cause to show why he or she should not be adjudged guilty of contempt by the court and sentenced therefore. The defendant shall be given the opportunity to present evidence of excusing or mitigating circumstances. The judgment shall be signed by the judge and entered of record. Sentence shall be pronounced in open court.
"The provisions of rule 3.830 define the essence of due process in criminal contempt proceedings and must be scrupulously followed." Keeton v. Bryant, 877 So.2d 922, 926 (Fla. 5th DCA 2004) quoting M.L. v. State, 819 So.2d 240, 242 (Fla. 2d DCA 2002). Specifically, the requirement in the rule of a signed, written order containing a recital of facts upon which the adjudication of guilt is based "assures compliance with the long standing rule that the powers of contempt should be exercised with care and circumspection." Guardado v. Guardado, 813 So.2d 236, 237 (Fla. 5th DCA 2002), citing Williams v. State, 698 So.2d 1350, 1351 (Fla. 1st DCA 1997). Further, the failure to follow the procedural requirements in contempt proceedings is fundamental error. See Garrett v. State, 876 So.2d 24 (Fla. 1st DCA 2004); Wesley v. State, 849 So.2d 426 (Fla. 1st DCA 2003).
The trial court entered a form order which fails to include any recitation of facts upon which the direct criminal contempt adjudication is based. For this reason alone, and even in the absence of any objection below, reversal is required.
Hutcheson additionally claims inadequate notice, an improper hearing and insufficient evidence to sustain a direct criminal contempt conviction. Where a claim of false or perjured testimony is involved, the accused must, prior to the adjudication of guilt, be given an opportunity to present evidence of excusing or mitigating circumstances. See e.g. Tejada v. State, 729 So.2d 965 (Fla. 3d DCA 1999); Walker v. State, 559 So.2d 1164 (Fla. 4th DCA 1990). Hutcheson was confronted with his sworn statement, was asked why he should not be held in contempt, and was then cut off when he began to offer an explanation for that statement, with the court announcing it was finding him in contempt. This did not comport with the procedural due process requirements of rule 3.830.
Finally, we have considered and reject the remaining points raised by Hutcheson.
REVERSED and REMANDED.
ORFINGER and MONACO, JJ., concur.