PER CURIAM.
Based in part upon this court’s recent decision in Hutcheson v. State, 903 So.2d 1060 (Fla. 5th DCA 2005), we grant the petition for writ of habeas corpus. As in Hutcheson, defendant Richard Johnson challenges an order finding him in direct criminal contempt of court based on testimony he gave during a probation revocation hearing. Although proper procedures were more closely adhered to this time, making it a much closer case, we find that the trial court still did not sufficiently comply with Florida Rule of Criminal Procedure 3.830.
While the rule does not require appointed counsel, Johnson himself was given no real opportunity “to present evidence of excusing or mitigating circumstances.” See Rhoads v. State, 817 So.2d 1089, 1092 (Fla. 2nd DCA 2002); Sanjurjo v. State, 677 So.2d 965, 966 (Fla. 3rd DCA 1996); Royster v. State, 668 So.2d 346, 346 (Fla. 1st DCA 1996). The granting of the petition is “without prejudice to the institution of proper contempt proceedings.” Garrett v. State, 876 So.2d 24, 26 (Fla. 1st DCA 2004); Telfair v. State, 903 So.2d 257 (Fla. 1st DCA 2005); see Hagan v. State, 853 So.2d 595, 598 (Fla. 5th DCA 2003).
PETITION FOR WRIT OF HABEAS CORPUS GRANTED.
SHARP, W., THOMPSON, and MONACO, JJ., concur.