PER CURIAM.
Victoria Sando petitions this court for a writ of habeas corpus alleging that her present incarceration is illegal. We agree, *272 grant the petition and remand the case to the trial court for further proceedings.
In June of 2006, Richard Godbout obtained an injunction for protection against domestic violence (“domestic violence injunction”) against Sando. § 741.30, Fla. Stat. (2006). On October 24, 2007, Godb-out filed an affidavit alleging that Sando violated the injunction. A “Notice of Hearing (General)” issued on November 8, 2007, setting a hearing on the affidavit for December 11, 2007. According to the petition, this notice was served on Sando on December 13, 2007, after the hearing had already been held.
Sando did not appear at the December 11th hearing, and the court found that Sando had been “served to appear in court on affidavit of violation” on November 15, 2007, that Sando had not appeared, and that, based on the affidavit and Godb-out’s testimony, Sando had violated the injunction. The court ordered Sando jailed for six months providing, “as a purge,” that she would be released upon completion of a sixty-day domestic violence class. Sando was arrested on December 28, 2007, and remains in custody.
While the trial court’s order states that it concerns “Petitioner’s Affidavit of Violation/Motion for Civil Contempt” and the order purports to provide “as a purge” that Sando complete a sixty-day domestic violence class, the court’s order amounts to a finding of criminal, not civil, contempt.
Criminal contempt is used to punish intentional violations of court orders or to vindicate the authority of the court, and “potential criminal contemnors are entitled to the same constitutional due process protections afforded criminal defendants in more typical criminal proceedings.”
Gregory v. Rice, 727 So.2d 251, 253 (Fla.1999) (quoting Bowen v. Bowen, 471 So.2d 1274, 1277 (Fla.1985)) (emphasis omitted). Civil contempt, on the other hand, is used to compel future compliance with a court order and the coercive sanction can be avoided through obedience. Id.
The sanction in this case is criminal in nature because even the “purge” itself requires Sando to be incarcerated for at least sixty days. The court’s order punishes Sando for violating the injunction and/or failing to appear at the hearing, and the “purge” does not relate to coercing compliance with the injunction or any other court order. While rule 12.610(c)(5) and section 741.30(9)(a), Florida Statutes, provide that a domestic violence injunction may be enforced through a “civil contempt proceeding,” the sanction imposed by the court in this case was clearly criminal, seeking to punish Sando with incarceration for her alleged transgressions.
The State did not file criminal charges for Sando’s alleged violation of the domestic violence injunction. See § 741.31(2), Fla. Stat. (2007); see also § 741.2901(2), Fla. Stat. (2007) (providing that “criminal prosecution shall be the favored method of enforcing compliance with injunctions for protection against domestic violence”). If Sando had been charged criminally and arrested for the violation, the statute provides that she must be brought before the court as “expeditiously as possible for the purpose of enforcing the injunction and for admittance to bail.” § 741.30(9)(b), Fla. Stat. (2007). Sando was never brought back before the court once she was arrested in this case. She was taken to jail and immediately began serving the “sentence” pronounced in the court’s order.
Nor did the State move the trial court for an order directing Sando to show cause why she should not be held in criminal contempt for violating the injunction. § 741.31(2), Fla. Stat. (2007). See Fla. R. Crim. P. 3.840 (setting forth procedures *273 for finding a person in indirect criminal contempt of court); see also Fla. Fam. L. R. P. 12.980(u) (standard Order to Show Cause setting arraignment on affidavit alleging violation of a domestic violence injunction). The “Notice of Hearing (General)” filed by Godbout pursuant to rule 12.923 was not the equivalent of an order to show cause issued by the court under rule 3.840.
Sando was not afforded procedural due process, as she was not permitted an opportunity to be heard on the allegations that she violated the domestic violence injunction. The trial court could not bypass the procedural and constitutional protections afforded a criminal defendant by purporting to act under its civil contempt authority. The contempt sanction in this case was clearly criminal in nature and none of the procedures relating to criminal contempt were followed. Importantly, both the direct criminal contempt rule and the indirect criminal contempt rule require the court to enter a judgment which recites the facts constituting the contempt for which the defendant was found guilty. Fla. R. Crim. P. 3.830; Fla. R. Crim. P. 3.840.
Sando may have been guilty of direct criminal contempt in failing to appear at the December 11, 2007 hearing. Woods v. State, 600 So.2d 27 (Fla. 4th DCA 1992). But see Kelley v. Rice, 800 So.2d 247 (Fla. 2d DCA 2001) (finding that failure to appear was indirect criminal contempt that could not be summarily punished under the circumstances). While the court may summarily punish direct criminal contempt in some circumstances, Sando was not informed of the accusation against her or given an opportunity to show why she should not be held in direct contempt of court. Fla. R. Crim. P. 3.830. If the court had acted under its direct contempt power, then, at a minimum, it should have afforded Sando notice and an opportunity to be heard on the charge. Bouie v. State, 784 So.2d 521, 523 (Fla. 4th DCA 2001) (explaining that the provisions of rule 3.830 constitute the “essence of due process in criminal contempt proceedings and must be scrupulously followed”). Thus, even under the court’s direct criminal contempt power, Sando was not afforded due process before being deprived of her liberty. In essence, Sando was “sentenced” before she was ever arrested or charged with any criminal act.
Because Sando was clearly denied due process, we grant the petition. Sando shall be immediately released from incarceration without prejudice for the State to file criminal charges or for the court to initiate civil or criminal contempt proceedings consistent with the rules of procedure and due process of law.
SHAHOOD, C.J., WARNER and STEVENSON, JJ., concur.