976 So.2d 1222 (2008)
Dennis Henry MARTINEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-4928.
District Court of Appeal of Florida, Fourth District.
March 26, 2008.
Carey Haughwout, Public Defender, and Tom Wm. Odom, Assistant Public Defender, West Palm Beach, for appellant.
*1223 Bill McCollum, Attorney General, Tallahassee, and Thomas A. Palmer, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant Dennis Henry Martinez appeals a conviction for indirect criminal contempt[1] for his failure to appear at a sentencing hearing, asserting the trial court erred in failing to give him formal notice that he was charged with the crime of indirect criminal contempt. We agree and reverse Martinez's conviction for indirect criminal contempt.
Rule 3.840 states, in relevant part:
Prior to the pronouncement of sentence, the judge shall inform the defendant of the accusation and judgment against the defendant and inquire as to whether the defendant has any cause to show why sentence should not be pronounced. The defendant shall be afforded the opportunity to present evidence of mitigating circumstances. The sentence shall be pronounced in open court and in the presence of the defendant.
Fla. R. Crim. P. 3.840(g). The procedures found in the rules governing criminal contempt must be scrupulously followed. Bouie v. State, 784 So.2d 521, 523 (Fla. 4th DCA 2001). "[T]he indirect criminal contempt process requires that all procedural aspects of the criminal justice process be accorded a defendant, including an appropriate charging document, an answer, an order of arrest, the right to bail, an arraignment, and a hearing." Gidden v. State, 613 So.2d 457, 460 (Fla.1993).
In this case, Martinez was never provided with formal written notice of the charge of indirect criminal contempt. The only document indicating any charge was the bench warrant for Martinez's failure to appear in court for sentencing. When Martinez appeared at the hearing on the charge, the trial court did not inform Martinez that he was charged with indirect criminal contempt, only stating the hearing was for "failure to appear 7/25/06." After giving Martinez an opportunity or to explain his failure to appear or any mitigating circumstances, the trial court stated it was "adjudicating you guilty of failure to appear. . . ." This was not sufficient to provide Martinez with notice of the charge as required by rule 3.840.
Further, the trial court failed to include a recitation of the facts constituting the contempt when entering the judgment of guilty. See Fla.R.Crim.P. 3.840(f) ("[t]here should be included in a judgment of guilty a recital of the facts constituting the contempt of which the defendant has been found and adjudicated guilty"). While this requirement is waived when there are sufficient oral findings made on the record, the trial court failed to meet even this requirement. See Gidden v. State, 613 So.2d 457 (Fla.1993).
We find the trial court erred in failing to follow the requirements of rule 3.840 and reverse Martinez's conviction for indirect criminal contempt.
SHAHOOD, C.J., POLEN and MAY, JJ., concur.
NOTES
[1] The State contends that Martinez's failure to appear is actually direct criminal contempt, pursuant to Woods v. State, 600 So.2d 27 (Fla. 4th DCA 1992) (failure to appear in court is punishable as direct criminal contempt). While the State is correct in its assertion, the trial court found Martinez guilty of indirect criminal contempt and the case is analyzed using the rules and law applicable to the charge of indirect criminal contempt.