VILLANTI, Judge.
We affirm the order of the trial court dismissing Kevin Whitty’s motion filed pursuant to Florida Rule of Criminal Procedure 3.850 as untimely. We write only to state that if the sworn motion contains false statements of fact, Whitty may be prosecuted for perjury. See State v. Shearer, 628 So.2d 1102, 1103 (Fla.1993).
Whitty’s motion contained the following signed oath: “UNDER PENALTIES OF PERJURY, I declare that I have read the foregoing motion for Post-Conviction Relief/Motion to Enforce Plea Agreement and that the facts stated in it are true and correct.” This is a sufficient oath upon which to base a perjury prosecution. Id. Whitty’s motion and the attachments thereto indicate that Whitty was released from prison on conditional release on March 10, 2005. In the motion, Whitty averred under oath that he would not have pleaded to the charged offenses had he been aware that he would be placed on conditional release and therefore subject to supervision upon his early release from prison. Whitty further averred that he was unaware that he would be released subject to the provisions of conditional release until the actual day of his release.
Section 947.1405(5), Florida Statutes (2003, 2004), requires that, within 180 days prior to an eligible inmate’s tentative release date or provisional release date, the inmate be interviewed in person by a representative" of the Department of Corrections for the purpose of determining the inmate’s release plan, including his planned residence and employment. The Department’s representative is then required to forward the inmate’s release plan to the Florida Parole Commission and to recommend to the Commission the terms and conditions of conditional release. Therefore, had the Department followed the strictures of section 947.1405(5), at a minimum, Whitty would have been aware that he was going to be released subject to the provisions of conditional release at a time considerably prior to the date of his actual release from prison. If this were the case, Whitty’s sworn allegation that he was unaware he was going to be released on conditional release until his actual re *726 lease date of March 10, 2005, would constitute a false statement of fact under oath.
We take this opportunity to remind pro se litigants of the significance of the oaths they sign:
Postconviction movants should also remain aware that penalties for direct contempt of court or perjury may be imposed when movants are untruthful in postconviction proceedings. See Roberts v. State, 515 So.2d 434 (Fla. 5th DCA 1987) (approving a finding of direct contempt of court where the movant’s testimony was diametrically opposed to prior sworn testimony); see also Emanuel v. State, 601 So.2d 1273 (Fla. 4th DCA 1992) (explaining that a prosecution for perjury is the preferred alternative, but delineating under what circumstances direct contempt of court is appropriate).
Unless a credible threat of sanctions exists, postconviction movants have little incentive against saying whatever they choose in postconviction proceedings, regardless of truth. An organized system of justice cannot operate -without respect for truth. Those seeking justice must respect truth. As Justice Anstead has observed, “[pjerjury poisons the well from which justice flows.” Emanuel, 601 So.2d at 1276.
Oquendo v. State, 2 So.3d 1001, 1006-1007 (Fla. 4th DCA 2008).
Affirmed.
SILBERMAN and KELLY, JJ., Concur.