VILLANTI, Judge.
I fully concur in this opinion but write to address a burden of proof issue that arises from the supreme court’s decision in Thompson. The premise of Thompson is that the timeliness of prisoner mailings is determined based on the date the prisoner places the petition or other notice in the hands of prison officials for mailing. 761 So.2d at 326. That date is determined solely from the date alleged in the prisoner’s sworn certificate of service and not from the date those officials actually forward that mail to the clerk of court. Id. This presumption arises because prisoners have no control over the actual transmittal of their mail and must rely on prison officials to timely do so. Id.; see also Haag v. State, 591 So.2d 614, 617 (Fla.1992) (holding that a petition or notice of appeal “is deemed filed at the moment in time when the inmate loses control over the document by entrusting its further delivery or processing to agents of the state”).
I note however that this presumption is rebuttable, and the State has the right to present evidence “to prove that the document was not timely placed in prison offi- *565 dais’ hands for mailing.” Thompson, 761 So.2d at 326. The State in this case chose not to contest Thompson’s possibly self-serving assertion that he placed his motion in the hands of prison officials on May 12, 2010, even though the postmark is more than thirty days later.[1] Thompson should be aware that “‘penalties for direct contempt of court or perjury may be imposed when movants are untruthful in postcon-viction proceedings.’ ” Whitty v. State, 5 So.3d 724, 725 (Fla. 2d DCA 2009) (quoting Oquendo v. State, 2 So.3d 1001, 1006 (Fla. 4th DCA 2008)). If the State researches this point and uncovers a prison mail log rebutting Thompson’s claim of timeliness, it may wish to consider whether pursuing contempt proceedings or initiating a perjury [2] prosecution would be appropriate. While Thompson established a broad application of the mailbox rule for prisoners, it did not condone its application by artifice.

. The certificate of service signed by Thompson reflects that he placed his petition in the hands of prison officials for mailing on May 12, 2010; however, the postmark on the envelope reflects a date of June 14.

. I note that while Thompson specifically signed his motion "[ujnder penalties of perjury,” his certificate of service is below his signature on the oath and merely ''certifies” that he has placed his mail in the hands of prison officials on a specific date. I express no opinion on the ramifications of such a "certification” on either a contempt proceeding or perjury prosecution but instead leave that issue for the State’s consideration should it determine that the "certification” was false.