IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

AMANDA C. MICALLEF,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

_____/

Case No. 5D22-549
LT Case No. 2017-CF-2084

Opinion filed July 14, 2023

Appeal from the Circuit Court
for Marion County,
Lisa Herndon, Judge.

Dwight O. Slater, Mary K. Simpson,
William R. Sickler, of Guilday Law,
P.A., Tallahassee, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Whitney Brown
Hartless, Assistant Attorney General,
Daytona Beach, for Appellee.


PER CURIAM.

      Attorney Amanda C. Micallef appeals an order finding her in direct

criminal contempt of court for her repeated failure to timely appear before the

trial court. We reverse because the trial court failed to follow the requirements of Florida Rule of Criminal Procedure 3.830.

## Facts and Procedural History

Attorney Micallef represented the defendant in a criminal proceeding in the lower court. After appearing late on other occasions, Attorney Micallef appeared approximately thirty minutes late for a trial priority hearing. The trial court admonished her and warned that she would face contempt proceedings if she were late for future hearings

Then, shortly before trial, Attorney Micallef was again late for a hearing—this time on her client's motions in limine and to suppress. When Attorney Micallef belatedly arrived, the trial court stated, "Ms. Micallef, you're late again. Tell me why I should not fine you for disobeying a court order again? You're late every single time." Attorney Micallef explained that something personal in nature and unrelated to the case was upsetting her, but she offered no details.

At the conclusion of the hearing, the trial court specifically instructed Attorney Micallef to be in the courtroom at 12:45 p.m. for the 1:00 p.m. trial. Nevertheless, she arrived for trial at 12:50 p.m.—five minutes late. When she arrived, the trial court stated:

> Once again, you are late. You were supposed to be here at 12:45. I told you this morning, 12:45. It is 12:50. We have

2

repeatedly discussed you being late. I'm going to assess you a $50 fine, contempt. You can pay it to your favorite charity and I want you to provide proof to my office by the end of the week by Friday that you have donated to a -- $50 to a charity.

I'm sanctioning you because I repeatedly order you to be here timely. [The assistant state attorney] is here timely. Even the detectives, who don't have to be here right this second, have been timely. The clerk is timely. I'm timely. The jurors are waiting. And once again, you did not follow my directive to be here on time. It interferes with our court proceedings and I can't have that. It's a complete disrespect for our system.

The trial court did not give Attorney Micallef an opportunity to explain her reasons for being late on this occasion before adjudicating guilt, nor was there an opportunity to present evidence.

The trial court subsequently entered a written order finding Attorney Micallef in direct criminal contempt. This appeal follows.

## Analysis

On appeal, Attorney Micallef contends that the trial court erred by failing to follow the provisions of Florida Rule of Criminal Procedure 3.830. Rule 3.830 governs the procedure for adjudicating direct criminal contempt and provides in pertinent part that:

A criminal contempt may be punished summarily only if the court saw or heard the conduct constituting the contempt committed in the actual presence of the court. The court shall strictly comply with the following five procedural requirements.

(a) Prior to the adjudication of guilt the judge shall inform the defendant of the accusation against the defendant and inquire as

3

to whether the defendant has any cause to show why he or she should not be adjudged guilty of contempt by the court and sentenced therefor.

(b) The court shall provide the defendant the opportunity to present evidence of excusing or mitigating circumstances.

(c) The judgment of guilt of contempt shall include a recital of those facts on which the adjudication of guilt is based, and confirm compliance with the five procedural requirements of this rule.

(d) The judgment shall be signed by the judge and entered of record.

(e) Sentence shall be pronounced in open court.

Fla. R. Crim. P. 3.830.

"When punishing [an individual] for contempt, a court must follow the procedure set forth in Florida Rule of Criminal Procedure 3.830." *M.L. v. State*, 819 So. 2d 240, 242 (Fla. 2d DCA 2002) (alteration in original) (quoting *Bouie v. State*, 784 So. 2d 521, 523 (Fla. 4th DCA 2001)). "The provisions of rule 3.830 define the essence of due process in criminal contempt proceedings and must be scrupulously followed." *Keeton v. Bryant*, 877 So. 2d 922, 926 (Fla. 5th DCA 2004) (quoting *M.L.*, 819 So. 2d at 242).

The record indicates, and the State concedes, that the trial court failed to adhere to the mandatory provisions of rule 3.830. The trial court did not "strictly comply" with the rule when it adjudicated Attorney Micallef guilty of criminal contempt without inquiring "as to whether the defendant ha[d] any

4

cause to show why he or she should not be adjudged guilty of contempt by the court and sentenced therefor." Fla. R. Crim. P. 3.830(a). Additionally, the trial court failed to "provide the defendant the opportunity to present evidence of excusing or mitigating circumstances." Fla. R. Crim. P. 3.830(b).

While there was an exchange between the trial court and Attorney Micallef, where Attorney Micallef offered some explanation as to why she was late, the opportunity for this exchange came after the trial court had already adjudicated Attorney Micallef guilty. The rule requires this opportunity to respond to the allegations and to offer evidence of excusing or mitigating circumstances to come before any adjudication of guilt.

We conclude that the trial court erred by not following the procedural due process requirements of Florida Rule of Criminal Procedure 3.830. The order of direct criminal contempt is therefore quashed, and the case is remanded to the trial court without prejudice to conduct proceedings in accordance with rule 3.830 if the trial court deems appropriate. *See Wiggs v. State*, 981 So. 2d 576, 577 (Fla. 5th DCA 2008).

REVERSED and REMANDED.

EDWARDS, C.J., EISNAUGLE and HARRIS, JJ., concur.