334 So.2d 636 (1976)
Isaac Calvin BARR, Appellant,
v.
STATE of Florida, Appellee.
No. 75-758.
District Court of Appeal of Florida, Second District.
July 9, 1976.
Jack O. Johnson, Public Defender, Bartow, and Wayne Chalu, Asst. Public Defender, Tampa, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard G. Pippinger, Asst. Atty. Gen., Tampa, for appellee.
McNULTY, Chief Judge.
Appellant appeals a 60-year sentence for robbery and a 6-months sentence for contempt for calling the trial judge a son-of-a-bitch.
His assault on the robbery sentence, on the ground that it exceeds the statutory limit of "life" since his life expectancy is less than 60 years, is patently without merit. No error appearing otherwise on the robbery conviction, the judgment and sentence therefor are left undisturbed.
The conviction for contempt, however, is fatally defective. It undisputedly appears that at the sentencing on the aforementioned robbery, and after having heard his sentence, appellant uttered the words "son-of-a-bitch" towards the court. The trial judge admits that he did not hear these comments, although the bailiff and other persons in the courtroom did. The bailiff conferred with the trial judge and brought the matter to the court's attention. The court then ordered appellant returned before him and cited him for contempt. He thereupon summarily imposed an additional sentence of five years for the contempt to be served consecutively with the robbery sentence.
After a recess, the court reconsidered and set aside the judgment and sentence *637 for contempt. He immediately conducted an evidentiary hearing and, after taking testimony including that of appellant, found appellant guilty of direct criminal contempt. He promptly sentenced appellant to a term of six months in the county jail, again to run consecutively with the robbery sentence. Those proceedings cannot stand.
Rule 3.830, RCrP, relating to "direct criminal contempt," provides that criminal contempt may be punished summarily if the court "saw or heard the conduct constituting the contempt committed in the actual presence of the court." Here, as noted above, the trial judge did not hear the comments of the alleged contemnor. There was, therefore no direct criminal contempt.
If anything, appellant's utterances constituted "indirect" criminal contempt within the purview of Rule 3.840, RCrP, relating to actions outside the presence of the court. Significantly, subsection 5 of that rule provides that: "If the contempt charged involves disrespect to or criticism of a judge he shall disqualify himself from presiding at the hearing. Another judge shall be designated by the Chief Justice of the Supreme Court." Having not heard or directly witnessed the contempt herein, therefore, the trial judge ought not to have presided over the plenary hearing summarily held as aforesaid.
Parenthetically, we point out that a judge may not impose a sentence of six months or greater upon a judgment of guilty of contempt unless a jury trial has been afforded the accused.[1] The sentence imposed for the contempt herein, being precisely for six months, was therefore also defective. We are certain that these considerations will be taken into account on remand.
In view whereof, the judgment and sentence entered and imposed herein for the offense of robbery should be, and they are hereby, affirmed. The judgment and sentence entered and imposed herein for the offense of contempt, however, should be, and they are hereby, reversed; and the cause is remanded for further proceedings not inconsistent herewith.
GRIMES and SCHEB, JJ., concur.
NOTES
[1] See Aaron v. State (Fla. 1973), 284 So.2d 673.