851 So.2d 823 (2003)
Gloria BRYANT, Petitioner,
v.
STATE of Florida, Respondent.
No. 2D03-1197.
District Court of Appeal of Florida, Second District.
July 30, 2003.
*824 Julianne M. Holt, Public Defender, and Theda R. James, Assistant Public Defender, Tampa, for Petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Danilo Cruz Carino, Assistant Attorney General, Tampa, for Respondent.
PER CURIAM.
Gloria Bryant petitions this court for a writ of habeas corpus, alleging illegal confinement as a result of a judgment that adjudicated her guilty of direct criminal contempt and sentenced her to five days in the county jail. By previous unpublished order, we temporarily stayed the trial court's judgment and sentence and directed Ms. Bryant's immediate release pending further review of the petition. We now grant the petition and vacate the judgment and sentence.
The following facts are recited in the trial court's written judgment:
On March 18, 2003, GLORIA BRYANT, engaged in direct contempt of court by screaming and shouting foul, abusive and other language disrespectful of the Court and those assembled while standing at or directly near the entrance to Courtroom 29 and while Court was in session in Courtroom 29. Such language was clearly heard in the courtroom and disrupted the on-going trial.
Ms. Bryant argues that her conduct did not constitute direct criminal contempt because it occurred outside the actual presence of the judge and there is no evidence that her words were directed at the court or intended to interrupt or hinder judicial proceedings. We agree.
Direct criminal contempt is governed by Florida Rule of Criminal Procedure 3.830 which provides that "[a] criminal contempt may be punished summarily if the court saw or heard the conduct constituting the contempt committed in the actual presence of the court." As we explained in Kelley v. Rice, 800 So.2d 247 (Fla. 2d DCA 2001), this category of contempt, which allows summary punishment, is a narrow exception to the constitutional requirement that the full panoply of due process rights must be afforded to a person prior to conviction and imprisonment. This exception includes
[o]nly charges of misconduct, in open court, in the presence of the judge, which disturbs the court's business, where all of the essential elements of the misconduct are under the eye of the court, are actually observed by the court, and where immediate punishment is essential to prevent demoralization of the court's authority before the public.
800 So.2d at 252 (internal quotation marks omitted) (quoting In re Oliver, 333 U.S. 257, 275, 68 S.Ct. 499, 92 L.Ed. 682 (1948)).
Ms. Bryant's conduct did not meet the definition of direct criminal contempt. Although the trial judge heard a disturbance, it was necessary for the State to produce a witness to describe the events that occurred outside the courtroom as well as the exact words stated by Ms. Bryant.[1] At no time did Ms. Bryant exhibit any inappropriate behavior or speech inside the courtroom. Her words were not directed at the judge or the judicial proceeding over which he was presiding. In fact, there is no evidence that Ms. Bryant was aware a judicial proceeding was in progress *825 behind the closed doors of the courtroom, nor is there any evidence that her words were intended to disrupt any judicial proceeding. The sole witness presented by the State testified that Ms. Bryant had been sitting calmly in a chair in the hallway and became agitated when she was given her son's belongings after he apparently had been taken into custody. Ms. Bryant stood up and started to walk off. The witness repeated several profane statements made by Ms. Bryant as she walked away and explained that the more she walked and the further she got, the louder she got.
Underlying our decision in this case and the law that must be applied is the recognition that "the power to punish for contempt should be cautiously and sparingly exercised." See Demetree v. State, 89 So.2d 498, 501 (Fla.1956). We also recognize that trial judges must be allowed to control their courtrooms and protect the dignity of the proceedings over which they preside. However, the power of contempt is not the only tool at the judges' disposal. It is not uncommon for persons in a courthouse to become agitated or disruptive. In most situations, a bailiff or law enforcement officer can provide the necessary assistance to quiet the person or escort them from the building and quickly dispel any disruption of proceedings.
For the reasons explained in this opinion we lift the temporary stay, grant the petition for writ of habeas corpus, and direct that the judgment and sentence for direct criminal contempt be vacated.
FULMER, STRINGER, and SILBERMAN, JJ., concur.
NOTES
[1] In its response to the petition, the State submitted three affidavits that are dated the day after the contempt proceeding. These affidavits were not part of the testimony presented at the contempt proceeding and, therefore, have not been considered in our review of this matter.