876 So.2d 24 (2004)
John GARRETT, Appellant,
v.
STATE of Florida, Appellee.
No. 1D03-4984.
District Court of Appeal of Florida, First District.
May 18, 2004.
Nancy A. Daniels, Public Defender; P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for appellant.
Charlie Crist, Attorney General; Shasta W. Kruse, Assistant Attorney General, Tallahassee, for appellee.
WOLF, C.J.
Appellant, John Garrett, challenges a written order holding him in direct criminal contempt and sentencing him to 180 days in jail. Appellant asserts that the trial court erred in sentencing appellant without offering him an opportunity to present mitigating circumstances. We agree and reverse.
On October 3, 2003, appellant appeared for a jury trial on three separate criminal charges. His court-appointed attorney notified the judge that he was concerned that appellant was so intoxicated that he was not competent to proceed to trial, and the prosecutor stated that the case could be continued. The judge ordered appellant held in custody and dispatched the bailiff to retrieve a breathalyzer machine. The probation officer testified that appellant blew into her machine and it registered a .052 and a .075.
The Court: Okay. Thank you. Let me ask, does the state wish to ask Ms. King any questions?
State Attorney: No, Your Honor.
The Court: [Defense counsel]?
Defense Counsel: No, Your Honor.
....

*25 The Court: Okay. Mr. Garrett [the defendant], you need to come up here to the microphone right now though. Mr. Garrett, I am ordering you to show cause why I should not hold you in direct contempt of court for coming to court intoxicated?
The Defendant: Your Honor, I apologize to the Court and also to my counsel. I was up all night. I took a shower this morning.
The Court: Okay. I'm not asking you for an explanation. I'm asking why I should not hold you in contempt?
The Defendant: It wasn't intentional, Your Honor. It was just that I was in fear. That's all out of fear. I felt as though whatever circumstances come out today that I would feel the impact of whatever circumstances might take place.
The Court: Okay. I don't find that to be good cause. I find you to be in direct contempt of court, and sentence you to 180 days in the Leon County Jail. Your bond is revoked in the case that is pending before the Court and you're remanded to the custody of the Sheriff.
The judge later entered a written order of contempt.
Rule 3.830, Florida Rules of Criminal Procedure provides:
A criminal contempt may be punished summarily if the court saw or heard the conduct constituting the contempt committed in the actual presence of the court. The judgment of guilt of contempt shall include a recital of those facts on which the adjudication of guilt is based. Prior to the adjudication of guilt the judge shall inform the defendant of the accusation against the defendant and inquire as to whether the defendant has any cause to show why he or she should not be adjudged guilty of contempt by the court and sentenced therefor. The defendant shall be given the opportunity to present evidence of excusing or mitigating circumstances. The judgment shall be signed by the judge and entered of record. Sentence shall be pronounced in open court.
(Emphasis added).
Strict compliance with rule 3.830 is necessary to safeguard procedural due process. Berman v. State, 751 So.2d 612, 613 (Fla. 4th DCA 1999); Cook v. State, 636 So.2d 895, 896 (Fla. 3d DCA 1994). In O'Neal v. State, 501 So.2d 98, 100 (Fla. 1st DCA 1987), this court determined that merely asking the defendant if he wished to explain his behavior was insufficient to meet the requirement that the defendant be given an opportunity to present evidence of excusing or mitigating circumstances. In Marshall v. State, 764 So.2d 908 (Fla. 1st DCA 2000), we cited O'Neal, and again reversed an order of direct criminal contempt because the judge "failed to give appellant an opportunity to present excusing or mitigating evidence."
In the instant case appellant was neither informed that under the rule he could present mitigating circumstances, nor given a separate and distinct opportunity to present mitigating circumstances. In fact, the court specifically told appellant that it was not looking for an explanation. Under these circumstances we cannot conclude that the brief response of appellant substantially reflected what appellant would have presented if he had been given the opportunity contemplated by the rule.
The State also argues that appellant failed to preserve the issue for appellate review. Appellant responds that preservation of error is not required because any defect in the contempt proceeding is fundamental error. The cases relied on by appellant, Hagerman v. Hagerman, 751 So.2d 152 (Fla. 2d DCA 2000), and Hunt v. *26 State, 659 So.2d 363 (Fla. 1st DCA 1995), involve rule 3.840, Florida Rules of Criminal Procedure, involving indirect criminal contempt; however, the State presents no cogent reason why direct criminal contempt should be treated differently from indirect criminal contempt for the purposes of preservation.
We therefore reverse without prejudice to the institution of proper contempt proceedings. Marshall v. State, 764 So.2d 908 (Fla. 1st DCA 2000).
BROWNING and HAWKES, JJ., concur.