895 So.2d 1292 (2005)
Ryan EVANS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D04-3502.
District Court of Appeal of Florida, First District.
March 31, 2005.
Nancy A. Daniels, Public Defender and David A. Davis, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General and Sherri T. Rollison, Assistant Attorney General, Office of the Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant Ryan Evans appeals his conviction and sentence for possession of cocaine. Appellant argues that there is a discrepancy between the trial court's oral pronouncement of sentence, written sentence, and order on probation.[1] The record supports appellant's contention, and the State concedes that there is a discrepancy.
At his sentencing hearing, the trial court stated that appellant was sentenced to eight months in the county jail followed by eight months of substance abuse probation. The written judgment and sentence states that the trial court imposed an eighteen month prison term to be followed by eight months of probation. The order of probation states that appellant is to be on probation for eighteen months. While such discrepancies clearly constitute a sentencing error, see Hudson v. State, 772 So.2d 614 (Fla. 1st DCA 2000), appellant did not preserve the issue below with either a contemporaneous objection or Rule 3.800(b) motion.[2]
Therefore, we may not address this sentencing error on direct appeal. See Maddox v. State, 760 So.2d 89, 98 (Fla.2000) (holding that unpreserved sentencing errors cannot be raised on appeal after the enactment of the 1999 amendments to Rule 3.800(b)); Jones v. State, 876 So.2d *1293 642, 645 (Fla. 1st DCA 2004) (stating that the court could not address the unpreserved sentencing error, but that this determination was "without prejudice to the Appellant's right to seek collateral relief"). Accordingly, the judgment and sentence below is AFFIRMED.
WEBSTER, BENTON AND POLSTON, JJ., concur.
NOTES
[1] We reject appellant's argument that the trial court reversibly erred in admitting certain evidence without further comment.
[2] In addition to the discrepancy between the oral pronouncement and written sentence, the apparent scrivener's error in the order on probation is an error that should have been raised in a Rule 3.800(b) motion. See Fla. R.Crim. P. 3.800, Court Commentary, 1999 Amendments.