903 So.2d 257 (2005)
Mikko TELFAIR, Appellant,
v.
STATE of Florida, Appellee.
No. 1D04-1221.
District Court of Appeal of Florida, First District.
May 23, 2005.
Rehearing Denied June 16, 2005.
*258 Nancy A. Daniels, Public Defender; Phil Patterson, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General; Felicia A. Wilcox, Assistant Attorney General, Office of the Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant Mikko Telfair appeals the sentence imposed upon the revocation of his probation, arguing that his credit for time served was not properly calculated. He also appeals the trial court's judgment of direct contempt, arguing that the trial court failed to follow the procedures of Florida Rule of Criminal Procedure 3.830.
We affirm appellant's sentence upon the revocation of his probation because appellant failed to file a Rule 3.800 motion on the issue or otherwise object to the award of credit and, thus, failed to preserve the issue for appeal. See Maddox v. State, 760 So.2d 89, 98 (Fla.2000) (holding that unpreserved sentencing errors cannot be raised on appeal after the enactment of the 1999 amendments to Rule 3.800(b)); Jones v. State, 876 So.2d 642, 645 (Fla. 1st DCA 2004) (stating that the court could not address the unpreserved sentencing error, but that this determination was "without prejudice to the Appellant's right to seek collateral relief").
As to the trial court's judgment of direct contempt, we reverse and vacate the related sentence. The trial court failed to afford appellant the opportunity to show cause why he should not be held in contempt before finding appellant in contempt and failed to afford appellant the "opportunity to present evidence of excusing or mitigating circumstances," as Rule 3.830 requires. See Garrett v. State, 876 So.2d 24, 25-26 (Fla. 1st DCA 2004); O'Neal v. State, 501 So.2d 98, 99-100 (Fla. 1st DCA 1987). Reversal is "without prejudice to the institution of proper contempt proceedings." Garrett, 876 So.2d at 26.
AFFIRMED in part; REVERSED in part.
PADOVANO, POLSTON and HAWKES, JJ., concur.