904 So.2d 638 (2005)
Ryan EVANS, Petitioner,
v.
STATE of Florida, Respondent.
No. 1D05-1605.
District Court of Appeal of Florida, First District.
June 23, 2005.
*639 Nancy A. Daniels, Public Defender, and David A. Davis, Assistant Public Defender, Tallahassee, for petitioner.
Charlie Crist, Attorney General, and Edward C. Hill, Assistant Attorney General, Tallahassee, for respondent.
PER CURIAM.
Speaking through the counsel who represented him on direct appeal, Ryan Evans presents a timely claim of ineffective assistance of appellate counsel. We grant the petition, vacate Evans's sentence, and remand with directions.
On direct appeal, petitioner's appellate counsel raised an issue concerning discrepancies between the trial court's oral pronouncement of sentence, the written judgment and sentence, and the written order of probation. The state conceded in its answer brief that the various written sentencing documents did not conform to the oral pronouncement, but argued that any error in this regard had not been preserved for review. In Evans v. State, 895 So.2d 1292 (Fla. 1st DCA 2005), we acknowledged the noted discrepancies and the fact that they "clearly constitute a sentencing error," but held that because the issue was not preserved either through a contemporaneous objection or a motion pursuant to rule 3.800(b), the error could not be addressed on direct appeal.
Evans now argues that his appellate counsel was ineffective for failing to preserve the sentencing error by motion pursuant to rule 3.800(b)(2), and we conclude that he has satisfied his burden of demonstrating an entitlement to relief. See Hakkenberg v. State, 889 So.2d 935 (Fla. 2d DCA 2004)(holding that appellate counsel's failure to file motion to correct illegal sentence so as to preserve sentencing error for review constituted ineffective assistance); Ritter v. State, 885 So.2d 413 (Fla. 1st DCA 2004)(holding that sentencing error should have been identified and addressed by appellate counsel pursuant to rule 3.800(b)(2)).
As relief, Evans requests that we "direct the trial court to hold the hearing that it should have held had the [rule 3.800(b)(2)] motion been filed." Because the state conceded on direct appeal that the trial court's written orders did not conform with its oral pronouncement of sentence, we find it unnecessary to direct the trial court to now entertain a rule 3.800(b)(2) motion. Instead, we conclude that the proper remedy is to vacate petitioner's sentence and remand with directions to enter amended sentencing documents conforming with the oral pronouncement.
PETITION GRANTED, SENTENCE VACATED and REMANDED WITH DIRECTIONS.
WOLF, C.J., VAN NORTWICK and BROWNING, JJ., concur.