958 So.2d 1000 (2007)
Bobby Lee GRIFFIN, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-2064.
District Court of Appeal of Florida, First District.
May 25, 2007.
Nancy A. Daniels, Public Defender, and G. Kay Witt, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Sheron Wells, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant, Bobby Lee Griffin, appeals the trial court's order revoking his probation. Griffin was on probation as a result of his convictions for lewd and lascivious molestation. On appeal Griffin alleges the lower court erred (1) finding Griffin committed a willful and substantial violation of his probation for failure to complete a sex offender treatment program on the first try when there was time remaining in his probationary period; and (2) in admitting the results of Griffin's polygraph examination, over his objection, to establish the probation condition was violated. We decline to address Griffin's *1001 first argument, as Griffin failed to raise this issue during the lower court proceeding, and it is, therefore, not preserved for this Court to review. See Jones v. State, 876 So.2d 642, 644-45 (Fla. 1st DCA 2004) (finding the probation proceeding is an extension "of the sentencing process and is therefore subject to its preservation requirements" so errors must be preserved by timely objection or by filing a FRCP 3.800(b) motion); Mills v. State, 840 So.2d 464, 467 (Fla. 4th DCA 2003) (concluding that because counsel did not object regarding the "specific time period within which [appellant] was to complete the program," the argument was not preserved). On the second issue, we conclude the trial court abused its discretion by admitting Appellant's polygraph examination results into evidence. Accordingly, we REVERSE and REMAND for a new evidentiary hearing.
During the probation violation hearing, the results of the polygraph test were admitted into evidence over Griffin's objection. The results were repeatedly discussed throughout the hearing. A substantial part of the hearing was focused on Griffin's "failure" of the polygraph exam. The trial judge used the results in his decision that Griffin violated probation, noting ". . . with Mr. Griffin's failure to pass the required polygraph exam . . . I'll find that he has not satisfactorily complied with the terms of his probation." Based upon one condition violation, the trial court revoked Griffin's probation.
"The results of the polygraph examination shall not be used as evidence in court to prove that a violation of community supervision has occurred." § 948.30(2)(a), Fla. Stat. (2005); see also Cassamassima v. State, 657 So.2d 906, 910 (Fla. 5th DCA 1995).[1] "The results of a polygraph test remain inadmissible in both civil and criminal cases because of unreliability." Lane v. State, 762 So.2d 560, 561 (Fla. 5th DCA 2000) (citing Farmer v. City of Ft. Lauderdale, 427 So.2d 187 (Fla. 1983); Kaminski v. State, 63 So.2d 339 (Fla.1952)). Here, the lower court used and considered "results of the polygraph examination . . . as evidence in court to prove that a violation of community supervision has occurred," which is expressly contrary to the statutory mandate. See § 948.30(2)(a). The trial court erred by both admitting the results into evidence and by considering the failure of the polygraph examination as a factor in determining Griffin violated his probation.
Accordingly, we reverse the revocation of probation and remand for a new hearing on the alleged violation.
REVERSED AND REMANDED.
BROWNING, CJ., BENTON, and LEWIS, JJ., concur.
NOTES
[1] Condition 17(k) of Appellant's probation order also stated, "As part of a treatment program, you will participate at least annually in polygraph examinations to obtain information necessary for risk management and treatment . . . The results of the polygraph examination shall not be used as evidence in court to prove that a violation of community supervision has occurred." (Emphasis added).