960 So.2d 877 (2007)
Michelle Bennett WOODIE, Appellant,
v.
Larry CAMPBELL, Sheriff of Leon County, Florida, Appellee.
No. 1D06-4110.
District Court of Appeal of Florida, First District.
July 18, 2007.
*878 Nancy A. Daniels, Public Defender, David P. Gauldin and Leonard Holton, Assistant Public Defenders, Tallahassee, Attorneys for Appellant.
Bill McCollum, Attorney General, Thomas D. Winokur and Robert R. Wheeler, Assistant Attorneys General, Tallahassee, for Appellee.
PER CURIAM.
Appellant appeals the trial court's order finding her in direct criminal contempt and sentencing her to one day in jail. Because we find that the trial court erred in finding her in direct criminal contempt, we reverse.
On July 14, 2006, Appellant attended her son's detention hearing in juvenile court. Based on the nature of the charges, the trial court ordered Appellant's son to be held in secure detention pending his arraignment and trial. The trial court also provisionally appointed the Public Defender to represent Appellant's son. Appellant became angry because she had hoped her son would be released into her custody and she wanted to hire a private attorney.
After Appellant left the courtroom and the trial court began another juvenile hearing, the Assistant State Attorney asked to approach the bench on Appellant's son's case. He informed the judge that Appellant called the judge a "bitch" as she walked past counsel table and out of the courtroom. The judge determined that it was too late to call Appellant back to the courtroom, and resumed the next case.
On August 9, 2006, a contempt hearing was held. The Assistant State Attorney testified that Appellant called the judge a "stupid bitch" and further testified that another mother told him she heard Appellant say this and was shocked by Appellant's comment. The trial court stated that two other witnesses had testified or mentioned on the record that they also heard Appellant's remark. After giving Appellant an opportunity to show cause why she should not be held in contempt and to present any mitigating circumstances, the trial court found her in direct criminal contempt.
Using profanity to refer to the trial court clearly constitutes contemptuous conduct. See Saunders v. State, 319 So.2d 118, 124 (Fla. 1st DCA 1975). To constitute direct criminal contempt, however, the profane statement must be heard by the court and committed in the court's actual presence. Fla. R.Crim. P. 3.830 (2006) ("A criminal contempt may be punished summarily if the court saw or heard the conduct constituting the contempt committed in the actual presence of the court."); Barr v. State, 334 So.2d 636 (Fla. 2d DCA 1976), receded from on other grounds by Martinez v. State, 339 So.2d 1133 (Fla. 2d DCA 1976) (reversing the appellant's conviction for direct criminal contempt because the judge did not hear the appellant call him a son-of-a-bitch; only the bailiff brought the appellant's comment to the court's attention); Payne v. State, 486 So.2d 74 (Fla. 4th DCA 1986) (reversing a direct criminal contempt conviction when the judge heard a one-word expletive, not the alleged comment which two witnesses claimed to have heard).
Additionally, "[c]riminal contempt requires some willful act or omission *879 calculated to hinder the orderly functions of the court." Sewell v. State, 443 So.2d 164, 165 (Fla. 1st DCA 1983). Conduct which is calculated to embarrass, hinder, or obstruct the trial court in the administration of justice or that which is calculated to lessen the court's authority or dignity constitutes criminal contempt. Thompson v. State, 618 So.2d 781, 784 (Fla. 5th DCA 1993); see also L.C.W. v. State, 936 So.2d 1214, 1214 (Fla. 5th DCA 2006) (reversing a direct criminal contempt conviction because "the trial court did not hear the alleged contemptuous statement uttered by [appellant], the comment did not obstruct or hinder the administration of justice, and the trial court failed to recite the facts upon which the finding of contempt was made.").
Here, the trial court did not hear Appellant's comment or even Appellant mumbling something under her breath, which would alert the court that Appellant had said something inappropriate. In addition, Appellant's action did not interrupt or hinder the orderly functions of the court, as the trial court had moved on to another hearing. Thus, we find this case distinguishable from both Saunders and Stavely v. State, 473 So.2d 748 (Fla. 1st DCA 1985), and we reverse Appellant's conviction.
REVERSED.
BENTON, PADOVANO and THOMAS, JJ., concur.