THOMAS, J.
Appellant appeals the order below revoking his probation, asserting that the trial court’s order is based in part on an alleged violation supported only by hearsay. This court has repeatedly held that sentencing errors such as the error raised here must be preserved by contemporaneous objection or by motion filed pursuant to rule 3.800(b), Florida Rules of Criminal Procedure. See Simmons v. State, 965 So.2d 857 (Fla. 1st DCA 2007); Griffin v. State, 958 So.2d 1000 (Fla. 1st DCA 2007); Woodard v. State, 946 So.2d 1186 (Fla. 1st DCA 2006); Brown v. State, 935 So.2d 593 (Fla. 1st DCA 2006); Telfair v. State, 903 So.2d 257 (Fla. 1st DCA 2005); Evans v. State, 895 So.2d 1292 (Fla. 1st DCA 2005). Cf. Aponte v. State, 896 So.2d 836 (Fla. 1st DCA 2005) (holding that fundamental error regarding trial court’s loss of jurisdiction to consider defendant’s probation violation may be raised and considered for the first time on appeal). As we noted in Evans, we are precluded from considering this issue on appeal under Maddox v. State, 760 So.2d 89, 98 (Fla.2000).
AFFIRMED.
WOLF and POLSTON, JJ., concur.