PER CURIAM.
Michael Craighead appeals his conviction and sentence for aggravated assault by threat with a firearm. We affirm all four issues Mr. Craighead raises on appeal and we address only one issue: whether the sentencing court erred in finding that it was required to impose consecutive minimum mandatory sentences when the court had the authority to sentence Mr. Craig-head to concurrent sentences.
Mr. Craighead argues that the trial court failed to recognize its authority to impose concurrent sentences and, therefore, felt constrained to impose consecutive sentences. However, Mr. Craighead failed to make a contemporaneous objection or file a motion pursuant to Florida Rule of Criminal Procedure 8.800(b). While un-preserved errors in the sentencing process may be reviewed on direct appeal “under the very narrow fundamental error standard,” errors in the sentence itself are not cognizable on direct appeal unless preserved. Jackson v. State, 983 So.2d 562, 569 (Fla.2008).
The error Mr. Craighead asserts is an error in the sentence itself, not an error in the sentencing process. See Jackson, 983 So.2d at 574 (“[T]he rule may be used to correct and preserve for appeal any error in an order entered as a result of the sentencing process — that is, orders related to the sanctions imposed.”); cf. Nawaz v. State, 28 So.3d 122, 124 (Fla. 1st DCA 2010) (noting that a sentencing court’s consideration of an impermissible factor constitutes an error in the process and not a sentencing error); Hannum v. State, 13 So.3d 132, 135 (Fla. 2d DCA 2009) (same). Accordingly, because Mr. Craighead failed to preserve this issue by either contemporaneous objection or by a motion pursuant to Florida Rule of Criminal Procedure 3.800(b), we are unable to reach the merits of this issue on direct appeal. See Jackson, 983 So.2d at 568-69.
AFFIRMED.
HAWKES, C.J., WETHERELL and ROWE, JJ., concur.