SUAREZ, J.
Douglas Davila appeals from his conviction and six-month sentence for direct criminal contempt rendered February 2, 2011. We reverse.
On December 20, 2010, the court called Davila’s case, at which time the prosecutor requested that the case be reset. The clerk gave a reset date for a week later and the court moved on to another case. At some point after the reset date was announced, Davila said something under his breath. The court asked if Davila had spoken out, and a detention deputy told the court “I think he said, ‘F* * * this court.’” The court then instructed that Davila be held in the back. After a short recess, the court accused Davila of losing his temper in the court and yelling obscenities. The court found the conduct disrespectful to the court and that the comment obstructed or hindered the administration of justice. The court asked Davila if he had any cause to show why he should not be found guilty of contempt of court. Da-vila explained that he was an inmate, had been waiting for twenty-one days to see his public defender in his pending case, and was frustrated with the system. He said he did not “mean to come in that form and tone of voice.” The court found this unsatisfactory and sentenced Davila to six months in jail for direct contempt of court. After another recess, Davila was brought back into the courtroom and was asked if he had anything to offer in mitigation of his sentence. He stated he “was just unaware about that law.” His attorney further explained that Davila merely wanted to speak with his attorney about his case and thought that the hearing would allow him to do so. The court responded by adding costs in the amount of $758 to his six-month sentence.
The record reflects that Davila’s comment was isolated; the court did not hear it, and the comment clearly did not obstruct or hinder the administration of justice. “While using profanity to refer to the trial court clearly constitutes contemptuous conduct, to constitute direct criminal contempt, however, the profane statement must be heard by the court and committed in the court’s actual presence.” Woodie v. Campbell, 960 So.2d 877, 878 (Fla. 1st DGA 2007). Further, “[T]he power to punish direct criminal contempt is one of the most unusual of the judicial powers: the judge ... becomes the prosecutor ... over the very defendant who is said to have just assailed the judicial dignity.... [F]or that reason, the power must be cautiously and sparingly used.” Emanuel v. State, 601 So.2d 1273, 1274 (Fla. 4th DCA 1992). The sort of contempt that allows summary punishment includes, “[o]nly charges of misconduct, in open court, in the presence of the judge, which disturbs the court’s business, where all of the essential elements of the misconduct are under the eye of the court, are actually observed by the court, and where immediate punishment is essential to prevent demoralization of the court’s authority before the public.” Bryant v. State, 851 So.2d *264 823, 824 (Fla. 2d DCA 2008)[1] (citing Kelley v. Rice, 800 So.2d 247 (Fla. 2d DCA 2001)). The record shows that Davila uttered a short profanity that was not heard by the judge, it did not interrupt any proceeding, and it was clear that the administration of justice was not hindered because the court moved on to the next case without hesitation.[2] See Payne v. State, 486 So.2d 74 (Fla. 4th DCA 1986) (reversing a direct criminal contempt conviction when the judge heard a one-word expletive, not the alleged comment which two witnesses claimed to have heard); Barr v. State, 334 So.2d 636 (Fla. 2d DCA 1976) (reversing contempt conviction where the court did not hear the comments allegedly made by the defendant), receded from on other grounds, Martinez v. State, 339 So.2d 1133 (Fla. 2d DCA 1976).[3] In this case, the court did not hear what Davila said; his comment was relayed to the court by a deputy. Additionally, the court continued calling cases after the comment was made, indicating that the comment did not hinder or obstruct the administration of justice. See also Woods v. State, 987 So.2d 669 (Fla. 2d DCA 2007) (providing examples of obstructive conduct resulting in conviction for direct criminal contempt), and cases cited therein.
Moreover, “[c]riminal contempt requires some willful act or omission calculated to hinder the orderly functions of the court.” Sewell v. State, 443 So.2d 164, 165 (Fla. 1st DCA 1983). “The provocation must never be slight, doubtful, or of shifting interpretations. The occasion should be real and necessary.” Schenck v. State, 645 So.2d 71, 74 (Fla. 4th DCA 1994).[4] Here, when given the chance to explain, Davila stated that he was frustrated with the system and his situation and didn’t mean to “come in that form and tone.” This clearly shows that Davila did not calculate to hinder the functions of the court, but merely spoke out of understandable frustration. “In the absence of any evidence of willful or deliberate intent to disrupt, it should be rare that the mere use of a word or phrase which may have negative or distasteful connotations will be sufficient to constitute criminal contempt.” Murrell v. State, 595 So.2d 1049, 1051 (Fla. 4th DCA 1992).
As the record fails to demonstrate direct criminal contempt, we reverse the conviction and sentence, as well as the court costs imposed in addition to the contempt sentence.
Reversed.

. The defendant in Bryant was sentenced to only five days in jail.

. See Aaron v. State, 284 So.2d 673 (Fla.1973) (holding that, if a trial judge contemplates the imposition of a sentence of six months’ imprisonment or greater for criminal contempt, she must empanel a jury to try the facts unless the defendant has waived that right), declined to extend by Martinez v. State, 339 So.2d 1133 (Fla. 2d DCA 1976).

. The defendant in that case was sentenced to six months in jail.

. The defendant in Schenck was sentenced to thirty days in jail.