PER CURIAM.
Appellant was convicted of attempted first-degree murder (count 1), aggravated battery with a deadly weapon (count 2), and three counts of aggravated assault •with a deadly weapon (counts 3, 4, and 5). The convictions were affirmed on direct appeal, but the case was remanded for resentencing because the aggravated battery charge had been dismissed. See *1046 Hope v. State, 68 So.3d 366 (Fla. 1st DCA 2011).
On remand, Appellant was sentenced to life in prison with a mandatory minimum of 25 years on count 1, and 20 years concurrent with 20-year mandatory minimums on counts 3, 4, and 5.[1] The mandatory mínimums were imposed under the 10/20/life statute based on the jury’s findings that Appellant discharged a firearm causing great bodily harm during the commission of count 1 and that he discharged a firearm during the commission of counts 3, 4, and 5.
In this direct appeal from resen-tencing, Appellant argues[2] 1) that the mandatory minimum for count 1 is illegal because the information for that count alleged only discharge of a firearm (for which the mandatory minimum is 20 years[3]), not discharge causing great bodily harm; and 2) that the mandatory minimums for counts 3, 4, and 5 are illegal because the information for those counts alleged only possession of a firearm (for which the mandatory minimum is 3 years[4]), not discharge. We cannot consider these claims on the merits because they were not preserved for appellate review by a contemporaneous objection or a rule 3.800(b)(2) motion.[5] See Jackson v. State, 983 So.2d 562, 568 (Fla.2008) (quoting Brooks v. State, 969 So.2d 238, 241-42 (Fla.2007)). We decline Appellant’s invitation to make an exception to the preservation requirement simply because his claims appear to have merit based on Young v. State, 86 So.3d 541 (Fla. 2d DCA 2012), and cases cited therein. See also Driggers v. State, 917 So.2d 329, 333 (Fla. 5th DCA 2005); Altieri v. State, 835 So.2d 1181, 1183 (Fla. 4th DCA 2002).
Accordingly, we affirm Appellant’s sentences. We do so, however, without *1047 prejudice to Appellant raising the above claims in a motion for postconviction relief under rule 8.800(a) or rule 3.850, see Jackson, 988 So.2d at 568, or a petition alleging ineffectiveness of appellate counsel. See Evans v. State, 904 So.2d 638 (Fla. 1st DCA 2005).
AFFIRMED.[6]
ROBERTS, WETHERELL, and SWANSON, JJ., concur.

. Counts 3, 4, and 5 were third-degree felonies. See § 784.021(2), Fla. Stat. (2008). The 20-year sentences for these counts were based on the trial court's imposition of the 20-year mandatory mínimums pursuant to section 775.087(2)(a)2. See § 775.087(2)(c), Fla. Stat. (2008) ("If the minimum mandatory terms of imprisonment imposed pursuant to [the 10/20/life statute] exceed the maximum sentences authorized by s. 775.082, s. 775.084, or the Criminal Punishment Code under chapter 921, then the mandatory minimum sentence must be imposed.”). Without the 20-year mandatory mínimums, the maximum sentence for each of these counts would have been 5 years. See § 775.082(3)(d), Fla. Stat. (2008).

. Appellate counsel initially filed an Anders brief, but after considering Appellant's pro se brief, we directed counsel to file a supplemental initial brief addressing the preservation and merits of the following issue: "whether the minimum mandatory sentences imposed on resentencing are legal under section 775.087(2), Florida Statutes, because the information did not specifically charge great bodily harm in count 1 or discharge of a firearm in counts 3, 4, and 5.” See In re Anders Briefs, 581 So.2d 149, 151 (Fla.1991); State v. Causey, 503 So.2d 321 (Fla.1987). We find no merit in the other issue raised in Appellant's pro se brief.

. See § 775.087(2)(a)2„ Fla. Stat. (2008) (providing that a person who is convicted of certain enumerated offenses, including attempted murder, shall be sentenced to a minimum term of imprisonment of 20 years if such person discharged a firearm during the commission of the offense).

. See § 775.087(2)(a)l„ Fla. Stat. (2008) (providing that "a person who is convicted for aggravated assault ... shall be sentenced to a minimum term of imprisonment of 3 years if such person possessed a 'firearm' ... during the commission of the offense”).

. Appellant raised theses claims in a pro se motion to correct sentencing error filed after the notice of appeal was filed, but that motion was a "nullity” because Appellant was still represented by trial counsel when the motion was filed and neither trial counsel nor appellate counsel adopted the motion. See Logan v. State, 846 So.2d 472, 475-76 (Fla.2003).

. We deny the State’s motion to dismiss on the authority of Hughes v. State, 565 So.2d 354 (Fla. 1st DCA 1990).