PER CURIAM.
In this reinstated direct appeal, appellant argues that fundamental sentencing error occurred based on discrepancies between the trial court’s oral pronouncement of his sentence and the written judgment and sentence. Specifically, appellant points out that while he was sentenced orally to time served on the count of possession of drug paraphernalia, this time-served sentence was not included in the written sentence. He also points out he was orally sentenced as a prison releasee reoffender on the count of resisting a police officer with violence, but the written sentence only generally notes he is sentenced as a prison releasee reoffender and does not specify as to which count. The state concedes in its answer brief that the various written sentencing documents do not conform to the oral pronouncement and concedes that the case should be remanded so that the trial court can correct the written judgment and sentence. Relying on Walton v. State, 106 So.3d 522, 529 (Fla. 1st DCA 2013), the state urges that the necessary corrections to the written judgment and sentence are ministerial in nature and, therefore, the appellant need not be present at sentencing.
The problem is, however, that we cannot review the appellant’s unpreserved sentencing error claims on the merits. See Craighead v. State, 36 So.3d 893 (Fla. 1st DCA 2010) (quoting Jackson v. State, 983 So.2d 562, 569 (Fla.2008)). Claims that the written judgment and sentence do not conform to the oral pronouncement must be preserved either with a contemporaneous objection, if possible, or by filing a Florida Rule of Criminal Procedure 3.800(b)(2) motion before filing the initial brief. See Jackson, 983 So.2d at 572 (noting that sentencing errors subject to Rule 3.800(b)(2) include written orders that deviate from the oral pronouncement); Evans v. State, 895 So.2d 1292, 1292-93 (Fla. 1st DCA 2005) (holding that absent contemporaneous objection or Rule 3.800(b)(2) motion, error in non-conforming written sentence and order of probation to oral pronouncement was not preserved for direct appeal). Burney v. State, 114 So.3d 455 (Fla. 4th DCA 2013) (holding that absent contemporaneous objection or Rule 3.800(b)(2) motion, error in non-conforming written revocation of probation to oral pronouncement was unpreserved for direct appeal, citing Evans, 895 So.2d 1292.) In this case, the appellant concedes the issue was not preserved during sentencing by contemporaneous objection. Likewise, neither the appellant nor the state filed a notice of a pending Rule 3.800(b)(2) motion in this Court prior to the appellant’s filing his initial brief.
*998 Accordingly, we must affirm appellant’s sentence. We do so, however, without prejudice to appellant’s ability to raise the above claims in a motion for post-conviction relief under Rule 3.850 or a petition alleging ineffective assistance of counsel. See Hope v. State, — So.3d -, 2013 WL 363368, 38 Fla. L. Weekly D247 (Fla. 1st DCA, Jan.31, 2013); Evans v. State, 904 So.2d 638 (Fla. 1st DCA 2005).
Affirmed without prejudice.
VAN NORTWICK, CLARK, and OSTERHAUS, JJ., concur.