WOLF, J.
T.J.L, a juvenile appellant, appeals the lower court’s order finding him in direct criminal contempt for certain behavior while appearing before the court. Appellant asserts both procedural and substantive errors in the lower court’s order. We find merit in both of appellant’s arguments, therefore, we vacate the order on review.
The transcript in this case reflects that after being directed to pull up his pants, appellant responded, “It won’t go up.” After an unhelpful comment by the bailiff, appellant’s mother forcibly brought appellant to the podium. The transcript reflects appellant then said something or made an “indiscernible” sound, to which the bailiff responded, ‘You think something’s funny?” The court then charged appellant with direct criminal contempt because appellant was “acting out.” Explaining that the charge was unrelated to any direction to appellant to pull up his pants, the court said, “He’s throwing a tantrum, he’s slinging his head around, he’s disrupting the proceedings, he’s showing out in front of all the people in this court and he’s interrupting the decorum of the court.” Appellant apologized to the court. The court invited appellant to show cause why he should not be held in direct criminal contempt and then found appellant in contempt after his lawyer pointed out that appellant had apologized. Appellant’s mother attempted to speak to the court, but the judge cut her off. Appellant’s mother then attempted to explain appellant’s head was swinging because she had been jerking him around, an explanation which is supported by a video of the proceeding. Later, the court further explained the basis of the ruling: “It was not appropriate what he did in throwing a tantrum, swinging his head around, giving *505 the big sighs, throwing the drama, temper tantrum in front of the entire courtroom.” The court does not provide any more details on the record describing appellant’s behavior.
In the written judgment of contempt, the court found that after being directed to follow a decorum order, appellant “became loud, argumentative, combative and defiant to the bailiff and the Court. This scene interrupted proceedings and the dignity of the Court.” Appellant was sentenced to two days of incarceration at a juvenile detention center.
“Conduct which is calculated to embarrass, hinder, or obstruct the trial court in the administration of justice or that which is calculated to lessen the court’s authority or dignity constitutes criminal contempt.” Woodie v. Campbell, 960 So.2d 877, 879 (Fla. 1st DCA 2007). This court reviews an order of direct criminal contempt for an abuse of discretion. See Thomas v. State, 752 So.2d 679, 685 (Fla. 1st DCA 2000). Florida Rule of Criminal Procedure 3.830 requires a judgment of guilt of contempt to include a “recital of those facts on which the adjudication of guilt is based.” “While a judgment of contempt is entitled to a presumption of correctness, it must be supported by the record.” Smith v. State, 954 So.2d 1191, 1194 (Fla. 3d DCA 2007).
On review, appellant argues the record does not support the court’s characterization of his behavior. The State concedes appellant’s behavior was not a “temper tantrum” in the traditional sense, but argues that appellant’s “defiant attitude” delayed proceedings, interrupted the court’s decorum, and obstructed the administration of justice. We agree with appellant.
Other than appellant’s statement that he could not comply any further with the court’s decorum order, the only indication in the transcript of appellant’s allegedly contemptuous behavior is the court’s description of the behavior as a “temper tantrum,” “showing out,” “acting out,” “slinging his head around,” “giving big sighs,” and “throwing the drama.” We have reviewed the transcript and a video of the entire incident. The video has been made part of the record without objection. Besides the “head swinging,” which appears to be caused by appellant’s mother grabbing him and dragging him to the podium, and arguably some sighing, we are hard pressed to understand what physical behavior the court was describing. Further, neither the behavior described in the transcript nor the video support the written findings that appellant’s behavior was loud, argumentative, combative, and defiant.
In addition, we find the trial court’s actions were insufficient to comply with the procedural requirements of rule 3.830 of the Rules of Criminal Procedure. As we stated in Garrett v. State, 876 So.2d 24, 25 (Fla. 1st DCA 2004):
Strict compliance with rule 3.830 is necessary to safeguard procedural due process. Berman v. State, 751 So.2d 612, 613 (Fla. 4th DCA 1999); Cook v. State, 636 So.2d 895, 896 (Fla. 3d DCA 1994). In O’Neal v. State, 501 So.2d 98, 100 (Fla. 1st DCA 1987), this court determined that merely asking the defendant if he wished to explain his behavior was insufficient to meet the requirement that the defendant be given an opportunity to present evidence of excusing or mitigating circumstances. In Marshall v. State, 764 So.2d 908 (Fla. 1st DCA 2000), we cited O’Neal, and again reversed an order of direct criminal contempt because the judge “failed to give appellant an opportunity to present excusing or mitigating evidence.”
*506 In this case the juvenile appellant was asked why he should not be held in contempt. Appellant said he was sorry. The judge never gave appellant the opportunity to present evidence of excusing or mitigating circumstances. In fact, the trial court refused to hear from appellant’s mother. The actions of the court did not meet the orderly proceedings mandated by the rule or our decision in Garrett. *
Finding no evidentiary support for the written findings and determining the proper procedural requirements were not met, we VACATE the order of contempt.
PADOVANO and RAY, JJ., concur.

 While there may be circumstances when it would be justified to limit input from a parent in order to maintain decorum, the record before us reflects no such concern in this case.