PER CURIAM.
Appellant appeals the order revoking his probation and sentencing him to thirty months in the Department of Corrections. We affirm as to all issues raised, but note that the sentencing order contains a finding that Appellant was a danger to the community under section 948.06(8)(e)2.a., Florida Statutes (2013). However, the trial court failed to orally make this finding, so the written sentencing order does not conform to the oral pronouncement of sentence. Unfortunately, Appellant did not object or raise this error in a motion pursuant to Florida Rule of Criminal Procedure 3.800(b). As the court explained in Daniels v. State, 118 So.3d 996, 997 (Fla. 1st DCA 2013):
The problem is, however, that we cannot review the appellant’s unpreserved sentencing error claims on the merits. See Craighead v. State, 36 So.3d 893 (Fla. 1st DCA 2010) (quoting Jackson v. State, 983 So.2d 562, 569 (Fla.2008)). Claims that the written judgment and sentence do not conform to the oral pronouncement must be preserved either with a contemporaneous objection, if possible, or by filing a Florida Rule of Criminal Procedure 3.800(b)(2) motion before filing the initial brief. See Jackson, 983 So.2d at 572 (noting that sentencing errors subject to Rule 3.800(b)(2) include written orders that deviate from the oral pronouncement); Evans v. State, 895 So.2d 1292, 1292-93 (Fla. 1st DCA 2005) (holding that absent contemporaneous objection or Rule 3.800(b)(2) motion, error in non-conforming written sentence and order of probation to oral pronouncement was not preserved for direct appeal). Burney v. State, 114 So.3d 455 (Fla. 4th DCA 2013) (holding that absent contemporaneous objection or Rule 3.800(b)(2) motion, error in non-conforming written revocation of probation to oral pronouncement was unpreserved for direct appeal, citing Evans, 895 So.2d 1292). In this case, the appellant concedes the issue was not preserved during sentencing by contemporaneous objection. Likewise, neither the appellant nor the state filed a notice of a pending Rule 3.800(b)(2) motion in this Court prior to the appellant’s filing his initial brief.
Accordingly, we affirm the order under review without prejudice to Appellant’s ability to raise the sentencing error in an appropriate post-conviction motion. Id. at 998.
AFFIRMED without prejudice.
SAWAYA, EVANDER and COHEN, JJ., concur.