MORRIS, Judge.
Moses I. Phelps, a/k/a Moses Isaiah Phelps, appeals an order finding him in direct criminal contempt, sentencing him to ten days in jail, and imposing a $250 *1163 fine. Although we find no merit to Phelps's arguments made in his initial brief, we must reverse due to fundamental error arising from the trial court's failure to comply with the requirements of Florida Rule of Criminal Procedure 3.830.
We review "an order of direct criminal contempt for an abuse of discretion." T.J.L. v. State, 139 So.3d 503, 505 (Fla. 1st DCA 2014).
"Conduct which is calculated to embarrass, hinder, or obstruct the trial court in the administration of justice or that which is calculated to lessen the court's authority or dignity constitutes criminal contempt." Id. (quoting Woodie v. Campbell, 960 So.2d 877, 879 (Fla. 1st DCA 2007) ). Florida Rule of Criminal Procedure 3.830 provides that
[a] criminal contempt may be punished summarily if the court saw or heard the conduct constituting the contempt committed in the actual presence of the court. The judgment of guilt of contempt shall include a recital of those facts on which the adjudication of guilt is based. Prior to the adjudication of guilt [,] the judge shall inform the defendant of the accusation against the defendant and inquire as to whether the defendant has any cause to show why he or she should not be adjudged guilty of contempt by the court and sentenced therefor. The defendant shall be given the opportunity to present evidence of excusing or mitigating circumstances. The judgment shall be signed by the judge and entered of record. Sentence shall be pronounced in open court.
Thus where the misconduct occurs in open court in the presence of the judge and where it interrupts the court proceedings, "courts have the inherent authority to take immediate action." Plank v. State, 190 So.3d 594, 602 (Fla. 2016) ; see also Kelley v. Rice, 800 So.2d 247, 251-52 (Fla. 2d DCA 2001).
Because of the summary nature of direct criminal contempt proceedings, defendants are not entitled to the full panoply of due process rights typically afforded to criminal defendants. See Bryant v. State, 851 So.2d 823, 824 (Fla. 2d DCA 2003) (explaining that direct criminal contempt "is a narrow exception to the constitutional requirement that the full panoply of due process rights must be afforded to a person prior to conviction and imprisonment"). However, courts also recognize "the importance of protecting due process rights, particularly where incarceration [i]s at issue." Plank, 190 So.3d at 605. Thus, "[t]he provisions of rule 3.830 define the essence of due process in [direct] criminal contempt proceedings and must be scrupulously followed." Rhoads v. State, 817 So.2d 1089, 1092 (Fla. 2d DCA 2002) (quoting Bouie v. State, 784 So.2d 521, 523 (Fla. 4th DCA 2001) ); see also T.J.L., 139 So.3d at 505 ; Martin v. State, 711 So.2d 1173, 1174 (Fla. 4th DCA 1998).
"Failure to follow the procedural requirements of direct criminal contempt constitutes fundamental error." Searcy v. State, 971 So.2d 1008, 1014 (Fla. 3d DCA 2008) (citing Garrett v. State, 876 So.2d 24, 25-26 (Fla. 1st DCA 2004) ); Garrett, 876 So.2d at 25 (holding that failure to comply with procedural requirements of rule 3.830 constituted fundamental error); cf. Hagerman v. Hagerman, 751 So.2d 152, 154 (Fla. 2d DCA 2000) (concluding that failure to comply with rule for indirect criminal contempt "is fundamental error and no objection is required"). Thus where a court fails to give the defendant an opportunity to show cause why he should not be found in contempt or to provide the defendant with an opportunity to present excusing or mitigating circumstances, the trial court violates rule 3.830 and reversal is required. See Rhoads, 817 So.2d at 1092 ; T.J.L., 139 So.3d at 506 ; Searcy, 971 So.2d at 1014 ;
*1164 Garrett, 876 So.2d at 25 ; Martin, 711 So.2d at 1175.
Here, the trial court violated rule 3.830 by failing to give Phelps the opportunity to show cause why he should not be held in direct criminal contempt and by failing to inform him of his right to present excusing or mitigating circumstances and an opportunity to do so. Phelps did not raise these rule violations in his initial brief. Instead, he raised them in his reply brief, likely in response to the State's assertion in its answer brief that the trial court had complied with rule 3.830. Ordinarily, we would not consider issues first raised in a reply brief,[1] but here, the State had already addressed compliance with the rule in its answer brief. Further, the error is fundamental and we are required to correct it. See I.A. v. H.H., 710 So.2d 162, 165 (Fla. 2d DCA 1998) (explaining that "it is our duty to notice and correct ... fundamental errors even when they have not been identified by the parties"); J.V. v. State, 221 So.3d 689, 691 (Fla. 4th DCA 2017) (concluding that fundamental error "can be addressed sua sponte"); Honaker v. State, 199 So.3d 1068, 1070 (Fla. 5th DCA 2016) ("[W]e may sua sponte address fundamental error apparent on the face of the record."); Hendricks v. State, 34 So.3d 819, 828 (Fla. 1st DCA 2010) ("Despite Appellant's failure to argue fundamental error, we consider whether the purported error is of a fundamental nature because it is an appellate court's 'unrenunciable judicial duty' to correct fundamental error even if it is not raised.").
Accordingly, we hold that the trial court abused its discretion by failing to adhere to the procedural due process requirements of rule 3.830 as explained herein. We therefore reverse the order of direct criminal contempt and resulting sentence.
Reversed.
LaROSE, C.J., and ROTHSTEIN-YOUAKIM, J., Concur.

See Plichta v. Plichta, 899 So.2d 1283, 1287 (Fla. 2d DCA 2005).