# Third District Court of Appeal
## State of Florida

Opinion filed June 7, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1232
Lower Tribunal No. F17-18009
_____

**Darrell Morris,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jose Fernandez, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Sandra Lipman, Senior Assistant Attorney General, for appellee.

Before LOGUE, HENDON and BOKOR, JJ.

HENDON, J.

Darrell Morris appeals the trial court's order revoking his probation and the sentencing order. We affirm without prejudice to allow Morris to file timely postconviction motions as set forth in this opinion.

The Department of Corrections filed a Corrected 2nd Amended Affidavit of Violation of Probation. The affidavit alleged Morris violated his probation by committing two new law violations (attempted pre-meditated murder with a deadly weapon/aggravated battery and possession of a firearm by a convicted felon), by failing to pay costs of supervision and drug testing fees, and by failing to complete community service hours. The affidavit further provided that Morris qualifies as a Violent Felony Offender of Special Concern ("VFOSC").

On June 21, 2022, the trial court conducted a violation of probation hearing. At the conclusion of the hearing, the trial court orally ruled that it was revoking Morris's probation based on him committing the offenses of attempted premeditated murder with a deadly weapon or by aggravated battery, and possession of a firearm by convicted felon. Further, the trial court orally ruled it was sentencing Morris to thirty years in state prison as a habitual offender, with credit for time served. Thereafter, the State informed the trial court that Morris qualifies as a VFOSC, and asked: "Does Your Honor find him to be a danger?" In response, the trial court stated, "Yes."

2

Thereafter, Morris's counsel did not raise any objections.

On the same day of the hearing, the trial court entered an order revoking Morris's probation. In the order, the trial court found that Morris violated his probation by committing the alleged two new law violations, by failing to pay costs of supervision and drug testing fees, and by failing to complete community service hours. The trial court also entered the sentencing order, which sentenced Morris as a habitual felony offender to a term of thirty years in prison, and as a VFOSC. Once again, Morris's counsel did not raise any objections.

Morris appealed the order revoking his probation and the sentencing order. Prior to and during the pendency of this appeal, Morris did not file in the lower tribunal a motion pursuant to Florida Rule of Criminal Procedure 3.800(b).

Morris contends he is entitled to a new sentencing hearing because the trial court failed to comply with the statutory requirements under the VFOSC statute—section 948.06(8)(e)—by failing to make written findings as to whether he poses a danger to the community. Because the argument was not preserved for appellate review, we affirm without prejudice to allow Morris to file a timely motion pursuant to rule 3.800(b) raising this argument.

If a probationer, such as Morris, qualifies as a VFOSC and is found to

3

violate a non-monetary condition of probation, the trial court is required to make written findings as to whether the probationer poses a danger to the community pursuant to section 948.06(8)(e), Florida Statutes (2022). "The written findings requirement of section 948.06(8)(e) is mandatory, not discretionary." McCray v. State, 283 So. 3d 406, 408 (Fla. 3d DCA 2019). If the trial court finds that the VFOSC poses a danger to the community, the trial court "shall revoke probation and shall sentence the offender up to the statutory maximum, or longer if permitted by law." § 948.06(e)(2)a., Fla. Stat. (2022). However, if the trial court determines that the VFOSC does not pose a danger to the community, the trial court "may revoke, modify, or continue the probation or community control or may place the probationer into community control as provided in this section." § 948.06(e)(2)b., Fla. Stat. (2022).

Here, the claim raised by Morris was not brought to the trial court's attention at the time of sentencing or by motion filed pursuant to Florida Rule of Criminal Procedure 3.800(b). As such, the claim was not preserved for appellate review. See Swain v. State, Case No. 3D22-883, 2023 WL 3081958 (Fla. 3d DCA Apr. 26, 2023); see also Fla. R. App. P. 9.140(e) ("A sentencing error may not be raised on appeal unless the alleged error has first been brought to the attention of the lower tribunal: (1) at the time of

4

sentencing; or (2) by motion pursuant to Florida Rule of Criminal Procedure 3.800(b).").  As Morris's claim was not preserved for appellate review, we affirm without prejudice to allow Morris to file a timely 3.800(b) motion in the lower tribunal.

Morris argues that this Court should quash the order revoking his probation because it does not conform with the trial court's oral pronouncements at the violation of probation hearing. Because the argument was not preserved for appellate review, we affirm without prejudice to allow Morris to raise this claim in a timely and appropriate postconviction motion. See Daniels v. State, 118 So. 3d 996, 997 (Fla. 1st DCA 2013) ("Claims that the written judgment and sentence do not conform to the oral pronouncement must be preserved either with a contemporaneous objection, if possible, or by filing a Florida Rule of Criminal Procedure 3.800(b)(2) motion before filing the initial brief.").

Based on the above analysis, we affirm without prejudice to file timely postconviction motions as set forth in this opinion.

Affirmed without prejudice.