# Third District Court of Appeal

## State of Florida

Opinion filed July 12, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1232
Lower Tribunal No. F17-18009
_____

**Darrell Morris,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jose Fernandez, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Sandra Lipman, Senior Assistant Attorney General, for appellee.

Before LOGUE, C.J., and HENDON and BOKOR, JJ.

ON MOTION FOR CLARIFICATION

HENDON, J.

We grant the State's motion for clarification, withdraw our prior opinion issued on June 7, 2023, and substitute the following opinion in its place.

In this direct appeal, Darrell Morris appeals from the trial court's order revoking his probation and the sentencing order. As the issues raised by Morris on appeal were not preserved for appellate review, we affirm both orders. See Swain v. State, 359 So. 3d 882, 885-86 (Fla. 3d DCA 2023) (noting that Swain did not preserve for appellate review his sentencing error claim—that the trial court erred in entering an order designating him a Violent Felony Offender of Special Concern following the violation of his probation where the order failed to make written findings, as required by section 948.06(8)(e), Florida Statutes (2022), as to whether Swain poses a danger to the community; stating that to preserve a sentencing error claim for appellate review, the claim must be raised "either at the time of sentencing or by way of a motion pursuant to Florida Rule of Criminal Procedure 3.800(a)"); Jackson v. State, 983 So. 2d 562, 569 (Fla. 2008) (stating that an appellate court may not review a "sentencing error," even if fundamental, for the first time on appeal); see also Daniels v. State, 118 So. 3d 996, 997 (Fla. 1st DCA 2013) ("Claims that the written judgment and sentence do not conform to the oral pronouncement must be preserved either with a

2

contemporaneous objection, if possible, or by filing a Florida Rule of Criminal Procedure 3.800(b)(2) motion before filing the initial brief.").

Affirmed.