# Third District Court of Appeal

**State of Florida**


Opinion filed March 09, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2495
Lower Tribunal No. 15-19745
_____


**Chakaris Twine,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal from the Circuit Court for Miami-Dade County, Alberto Milian, Judge.

Carlos J. Martinez, Public Defender, and Jonathan Greenberg, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Jill D. Kramer, Assistant Attorney General, for appellee.


Before ROTHENBERG, FERNANDEZ, and LOGUE, JJ.

ROTHENBERG, J.

Chakaris Twine appeals a judgment of contempt and the sentence imposed by the trial court after a full hearing. Because the defendant's actions were contemptuous and the trial court complied with Florida Rule of Criminal Procedure 3.830, we find no abuse of discretion and affirm the judgment adjudicating Twine in contempt of court. See Thomas v. State, 752 So. 2d 679, 685 (Fla. 1st DCA 2000) (holding that a trial court's order finding a defendant in direct criminal contempt is reviewed for an abuse of discretion). We only write to express this Court's concern regarding the sentence imposed, which, although lawful, appears to be excessive based on the facts of this case.

The record reflects the following. Twine was charged with one count of possession with intent to sell cocaine. When the trial court denied Twine's motion to release Twine on his own recognizance or reduce his bond at a status conference, Twine responded by stating, "This is a bunch of bullshit." When the trial court confronted Twine with his use of profanity in court, Twine admitted that he had uttered the words heard by the trial court and immediately apologized. When the trial court asked Twine if there was any reason he could offer as to why he should not be held in contempt of court, Twine responded, "No, sir." Because Twine was represented by counsel, the trial court also afforded Twine's counsel an opportunity to present argument as to why the court should not hold Twine in contempt of court. Counsel readily admitted that Twine had used the profanity

heard by the trial court, but argued that when Twine's bond was not reduced, he became emotional and reacted in the heat of the moment, but immediately regretted his outburst and apologized to the court.

After noting it had always treated Twine with respect and courtesy, the trial court found Twine in direct contempt of court. Before sentencing Twine, the trial court asked Twine if he had anything to offer as an excuse or in mitigation of his conduct. Twine explained that he was upset when the trial court refused to release him on his own recognizance because he believed that he had been unfairly arrested by the police and he was needed at home. He explained that his seventy-six year old mother has breast cancer, recently had surgery, and was receiving chemotherapy treatment. The defendant further explained that he was his mother's sole caretaker and that she could not care for herself. Despite Twine's apology, remorse, and explanation, the trial court sentenced him to 180 days in the county jail, the maximum sentence allowable for direct criminal contempt of court where a defendant has not been given a jury trial.[1]

---

[1] Criminal contempt is a common law crime, with a maximum sentence of twelve months' imprisonment. See § 775.02, Fla. Stat. (2015) (providing that "[w]hen there exists no such provision by statute, the court shall proceed to punish [common-law offenses] by fine or imprisonment, but the fine shall not exceed $500, nor the imprisonment 12 months"). However, as the Florida Supreme Court held in Aaron v. State, 284 So. 2d 673, 676-77 (Fla. 1973), any criminal contempt which is to be punished by a sentence of six months or longer requires a jury be empaneled to try the case. If the sentence is less than six months, the judge may proceed without a jury.

We acknowledge that the use of profanity in court may constitute direct criminal contempt of court, see, e.g., Michaels v. Loftus, 139 So. 3d 324 (Fla. 3d DCA 2014) (affirming an order of contempt where defense counsel swore at the prosecutor in open court), and that the nearly identical language was found to be subject to a finding of direct criminal contempt in Martinez v. State, 339 So. 2d 1133, 1134-35 (Fla. 2d DCA 1976) (affirming a finding of direct criminal contempt where the defendant stated, "That's a bunch of bull shit," during a court proceeding). We also acknowledge that the power to punish for contempt is essential to the administration of justice. See Berman v. State, 751 So. 2d 612, 616 (Fla. 4th DCA 1999). However, the court's criminal contempt power should be used cautiously and sparingly, Berman, 751 So. 2d 616,[2] and the punishment should fit the crime. In other words, the punishment should take into consideration the contemptuous conduct and all of the surrounding circumstances.

Here, while Twine's behavior was inappropriate and rude, he immediately regretted his outburst and apologized. And while Twine's outburst may have warranted punishment, a 180-day jail sentence appears to be excessive based on

---

[2] See also Davila v. State, 100 So. 3d 262, 264 (Fla. 3d DCA 2012) (quoting Emanuel v. State, 601 So. 2d 1273, 1274 (Fla. 4th DCA 1992)) (noting that "the power to punish direct criminal contempt is one of the most unusual of the judicial powers: the judge . . . becomes the prosecutor . . . over the very defendant who is said to have just assailed the judicial dignity. . . . [F]or that reason, the power must be cautiously and sparingly used").

4

the record before this Court.  However, because we have no authority to reduce or to reverse a lawfully imposed sentence, we affirm.

Affirmed.