# Third District Court of Appeal

**State of Florida**

Opinion filed March 9, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-2126
Lower Tribunal No. 15-948

_____

**Thomas Gems,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Alberto Milian, Judge.

Carlos J. Martinez, Public Defender, and Jonathan Greenberg, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Jill D. Kramer, Assistant Attorney General, for appellee.

Before SUAREZ, C.J., and LAGOA and EMAS, JJ.

EMAS, J.

Thomas Gems appeals a judgment of contempt and the sentence imposed by the trial court after a full hearing. Because there is sufficient evidence to support the court's determination that defendant's actions were contumacious, and because the trial court complied with Florida Rule of Criminal Procedure 3.830, we find no abuse of discretion and affirm the judgment adjudicating Gems in contempt of court. See Thomas v. State, 752 So. 2d 679, 685 (Fla. 1st DCA 2000) (holding that a trial court's order finding a defendant in direct criminal contempt is reviewed for an abuse of discretion). See also Clein v. State, 52 So. 2d 117, 119 (Fla. 1950) (holding that contempt is "any act which is calculated to embarrass, hinder, or obstruct courts in the administration of justice, or which is calculated to lessen its authority or dignity.") We write only to express this Court's concern regarding the sentence imposed, which, although lawful, appears to be excessive based on the facts of this case.[1]

The record reflects that Gems was charged with one count of grand theft, third degree (a third-degree felony). On August 18, 2015 a plea hearing was held,

_____

[1] Our concern is amplified by the fact that, less than two months later, the same trial judge, on strikingly similar facts and circumstances, held another defendant in direct criminal contempt for uttering "this is bullshit" while exiting the courtroom, and likewise sentenced that defendant to 180 days in the county jail, notwithstanding the defendant's immediate apology and explanation of the surrounding circumstances in mitigation. See Twine v. State, No. 3D15-2495 (Fla. 3d DCA Mar. 9, 2016).

and defense counsel asked the court if it would approve a plea in exchange for 366 days in state prison. The State advised the court it was not willing to offer a plea below the minimum guidelines of 18.15 months. The court then indicated it would accept a plea to the bottom of the guidelines.

Defense counsel then asked his client (who was standing before the court) if he wished to accept this plea, to which Gems responded "I'm going to accept the fucking 18 months, excuse my language." The court asked Gems to repeat what he said, and Gems responded by saying "sorry." The court asked again for Gems to repeat what he said and Gems acknowledged that he had cursed. This was confirmed by the court reporter reading back the stenographic notes.

Gems then apologized to the court again, and the court held Gems in direct criminal contempt. The trial court then asked defense counsel and Gems if they had any mitigation, and defense counsel noted that his client was frustrated because he previously had been led to believe that his case would be resolved by a plea to a lesser sentence below the bottom of the guidelines. Finding no mitigation, the court sentenced Gems to the maximum of 180 days in the county jail for criminal contempt.[2] The next day, Gems returned to court and accepted

_____

[2] Criminal contempt is a common law crime, with a maximum sentence of twelve months' imprisonment. See § 775.02, Fla. Stat. (2015) (providing that "[w]hen there exists no such provision by statute, the court shall proceed to punish such offense by fine or imprisonment, but the fine shall not exceed $500, nor the imprisonment 12 months.") However, as the Florida Supreme Court held in Aaron v. State, 284 So. 2d 673 (Fla. 1973), any criminal contempt which is to be punished by a sentence of six months or longer requires a jury be empaneled to try the case. If the sentence is

3

the State's offer of 18.15 months in exchange for pleading guilty to the grand theft charge. The trial court ordered that this sentence run <u>consecutive</u> to the 180-day sentence for direct criminal contempt.

We acknowledge that the use of profanity in court may constitute direct criminal contempt of court[3], and that the authority to punish contumacious conduct is essential to the proper administration of justice. <u>See</u> <u>Berman v. State</u>, 751 So. 2d 612, 616 (Fla. 4th DCA 1999). However, given the unique nature of direct criminal contempt,[4] the trial judge's power to summarily adjudicate and punish a contemnor's actions should be used cautiously and sparingly, and the punishment should fit the crime. In other words, the adjudication of contempt and any punishment imposed should reflect a thoughtful consideration all of the attendant circumstances.

Here, Gem's use of profanity in speaking to the trial judge was undoubtedly improper and unacceptable, and we cannot say it was not contumacious. Nevertheless, Gems immediately expressed regret for his statement, apologized to the court and offered mitigation. And while Gem's outburst may have warranted

---

less than six months, the judge may proceed without a jury.

[3] <u>See, e.g.</u>, <u>Woods v. State</u>, 987 So. 2d 669, 677 (Fla. 2d DCA 2007) and cases collected.

[4] As this Court has noted, "the power to punish direct criminal contempt is one of the most unusual of the judicial powers: the judge . . . becomes the prosecutor . . . over the very defendant who is said to have just assailed the judicial dignity. . . . [F]or that reason, the power must be cautiously and sparingly used." <u>Davila v. State</u>, 100 So. 3d 262, 264 (Fla. 3d DCA 2012) (quoting <u>Emanuel v. State</u>, 601 So. 2d 1273, 1274 (Fla. 4th DCA 1992)).

4

punishment, imposition of the maximum sentence of 180 days appears to be excessive based on the record before this Court. However, because we have no authority to alter this lawfully-imposed sentence, we affirm.

Affirmed.